CASE 11—PETITION ORDINARY—MARCH 21.

# Brady v. Peck.

### APPEAL FROM GRAVES CIRCUIT COURT.

1. WARRANTY OF TITLE—SUFFICIENCY OF ALLEGATION FOR BREACH.—
   In an action for breach of covenant of warranty of title to land,
   where the deed containing the covenant is filed with the petition,
   it is sufficient to allege in the petition the substance of the cov-
   enant, without setting it out in the express terms used in the
   deed. And an allegation in such a petition that the defendant
   in the deed "warranted the title against all persons whatsoever"
   is sufficient, although the only covenant in the deed was that the
   title was conveyed "with covenant of general warranty."
2. VENDOR AND VENDEE.—An arrangement between the defendant in
   a suit for breach of covenant of warranty, and his vendor, can
   not affect the rights of the plaintiff, and can not constitute a
   valid defense in such an action.
3. DISCRETION OF COURT IN PERMITTING AMENDED PLEADINGS TO BE
   FILED.—The court did not abuse its discretion in refusing to per-
   mit the defendant to file the several amended answers which
   were tendered, because the facts stated in the amendments must
   have been known to the defendant at the time his original an-
   swer was filed, and should have been alleged therein, and espe-
   cially where neither of the proposed amendments contained a
   statement of facts which, if true, would have constituted an
   available defense.
4. PRACTICE—FILING AMENDED PLEADINGS.—The question as to the
   sufficiency of an amended pleading may be properly raised either
   by objecting to the filing thereof when it is offered, or by insist-
   ing on the demurrer after it is filed.

D. G. PARK FOR APPELLANT.

1. The allegation of the petition that "by the terms of the deed he
   warranted the title to said land against all persons whatsoever"
   is only a conclusion of law, and is not a sufficient allegation of
   a covenant or agreement of warranty. The pleader must aver
   the terms of the agreement so that the court may determine from
   the petition, without resorting to the exhibit whether or not the
   title was warranted. (Murphy v. Estes, 6 Bush, 532; Stiners v.

Brady v. Peck.

Baker, 87 Ky., 508; Chitty on Pleadings, vol. 1, 16 Amer. Ed., 381; Huffaker v. Bank, 12 Bush, 290.)

2. The appellant's answer stated that he was not in fact the owner of the land when he conveyed it, and that another was the owner and received all the purchase price therefor; and the demurrer thereto should have been overruled.

3. The true rule for the measure of recovery in a suit for breach of covenant of warranty is the value of the land at the time of the conveyance; and while the best evidence of that value is the price stipulated by the parties, yet the nature of the consideration may be inquired into by evidence *aliunde*, and its real value ascertained. (Robertson v. Lemon, 2 Bush, 301: McKean v. Read, Littell's Select Cases, 400; Marshall v. McConnell, 1 Littell, 424.)

SAME. IN PETITION FOR RE-HEARING.

1. The fact that the "deed is filed and referred to" does not aid the pleading in any respect. (12 Bush, 325, 14 B. M., 67; 1 Met., 431; 6 Bush, 533.)

W. W. ROBERTSON FOR APPELLEE.

1. A defendant in a suit for breach of covenant of warranty, who admits the execution of the deed, is estopped from denying the existence of the sale which is evidenced by the deed.

2. The criterion of recovery in such a case is the value of the land as fixed by the parties, and the recitals of the deed as to the consideration must control. (9 B. M., 58; 17 B. M., 85; 4 Dana, 253.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The action was for breach of covenant of warranty of title to a tract of land situated in the county of Carlisle, which the appellant sold and conveyed to the appellee. The land had been sold and conveyed by Mrs. Gray, a married woman, to Carrico, and by the latter to the appellant. The husband of Mrs. Gray did not join with her in the sale and conveyance, and they sued the appellee in ejectment to recover the land, and obtained judgment for it, under which the appellee was evicted.

The petition alleges, and the deed which is filed with it

as an exhibit shows, that the consideration paid by appellee to appellant for the land was the sum of "three hundred and fifty dollars in cash," for which judgment was prayed. The covenant of warranty, the breach of which is alleged, is set up in the petition in these words: "And by the terms of the deed which defendant made plaintiff he warranted the title to said land against all persons whatsoever."

The covenant made in the deed is in these terms: "To have and to hold the same, with all appurtenances thereon, to the second party, her heirs and assigns forever, with covenant or general warranty."

The answer contains a denial that the land was worth the consideration recited and acknowledged in the deed and alleged in the petition; further denied that appellant sold the land to appellee, or that the latter paid him any part of the purchase money, but alleges that appellee paid the purchase money to Carrico, the vendor of appellant. It admits that appellee was evicted by Mrs. Gray, and sets up the sale and conveyance of the land to appellant by Carrico, by deed of general warranty, for the consideration of the sum of one hundred and seventy-five dollars paid by appellant to Carrico, and it is made a cross petition against Carrico, and prays for judgment in favor of appellant against him "for the value of said land, and whatever amount the plaintiff may recover, and that he have judgment for three hundred and fifty dollars and costs."

The plaintiff filed a general demurrer to the answer, which, on motion of defendant, was taken back to the petition. The lower court sustained the demurrer as to the answer, but overruled it as to the petition, and this is claimed by counsel for appellant to be error.

The answer does not attack the genuineness of the deed executed by appellant to appellee for the land, nor does it

contain a denial that the appellee paid the purchase money recited in the deed. It is denied, *first*, that appellant *sold* the land to appellee; and, *second*, that the appellee paid *to him* the three hundred and fifty dollars purchase money, the latter coupled with the admission that she did pay it to Carrico. These denials, it is plain, do not controvert any of the material allegations of the petition, for the fact remains that appellant executed and delivered the deed containing the covenant of warranty sued on, and it must be presumed that the purchase money, if paid to Carrico as stated in the answer, was paid to him by the consent or direction of appellant; and, under these circumstances, the allegation that the land was not worth the amount of the purchase money which the answer admits was paid by appellee for the land, even if that allegation were true, is irrelevant, and can avail nothing by way of defense.

But it is claimed that the petition contains no sufficient statement of the terms of the warranty and that the statement in general form that "by the terms of the deed" the plaintiff warranted the title to said land against all persons whatsoever was not sufficient. Counsel claims as we understand it, that the covenant as written in the deed, ought to have been set out in *haec verba* in the petition, and that the statement contained in the petition, with reference to the covenant, is a mere conclusion of law.

We can not concur with counsel in their view of the case. The covenant, as quoted from the deed, is "with covenant of general warranty." This form of expression is, by the statute, equivalent to a covenant in terms to warrant the title "against the claims and demands of all persons whatever;" and is, in effect, a "general warranty" of the title (Kentucky Statutes, section 493). So that we hold that it is immaterial whether the allegation or statement of the covenant in

such cases is in the terms of the covenant as written in the deed, or as allowed and made effective by the statute; and that, in either case, where the deed is filed and referred to containing the covenant sued on, a statement of the substance of it is sufficient. Our conclusion, therefore, is that the court did not err in sustaining the demurrer to the answer, and in overruling it as to the petition.

The demurrer to the answer having been sustained, the defendant, being allowed to amend, presented and offered to file in succession three different amendments, which were successively refused by the lower court, and this action is likewise complained of as error by counsel for the appellant.

We are not able to find that the court erred in refusing to permit those amendments to be filed. If the facts set up, by way of defense, in these several proposed amendments existed, and were in the knowledge of the defendant at the time the original answer was filed, they ought to have been alleged in the answer, and, under the circumstances, it was no abuse of discretion on the part of the court to refuse to permit the amendments to be made, as was proposed in this case; but, aside from this, neither of the proposed amendments contained a statement of facts which, if true, the defendant could have been allowed to avail himself of in defending the action.

The rights of appellee could in no way be affected by any arrangement between the appellant and Carrico, his vendor, by which, on a resale of the land by the appellant to the latter, the appellant undertook to convey it by general warranty to the appellee, to whom it is claimed Carrico, and not the appellant, sold it; and no fact is set up in either of the proposed amendments tending to show that the appellee was guilty of perpetrating a fraud on the appellant. It must be presumed that the agreement was that the appel-

lant was to convey the land to appellee by deed of general warranty, which he did, and that the agreed value of the land was the consideration set forth in the deed.

Appellant must have known this.   He could have avoided all liability in the premises by confining his covenant to a special warranty.   Failing to do this, and instead thereof having covenanted to warrant the title generally, he is bound by it.   The lower court gave him a judgment on his cross-petition against Carrico, his vendor, for the precise sum adjudged to the appellee against him.

And finding no error, the judgment of the lower court is affirmed.

The following response to a petition for re-hearing was delivered:

*Per Curiam.*   Counsel for appellant, in his petition for a rehearing of this cause, still insists that the covenant of warranty was not sufficiently alleged in the petition, and that, therefore, the petition did not state a cause of action. After a careful review of the opinion we adhere to what was held on that point.   It would not have been improper to set out in the petition the exact terms (*verbatim*) of the covenant contained in the deed, although other allegations might have been necessary to make up a complete statement of the cause of action; but here the fact of the warranty was stated, and the original deed was filed and referred to as an exhibit, which established the fact alleged, and this was accompanied with a statement of the covenant substantially in terms that are allowed and defined by the statute as a "general warranty."

The opinion does not hold, as it seems counsel construes it, that the filing of the deed containing the covenant was alone sufficient without further statement of the terms of the covenant.   It was said that the statement of the sub-

stance of the covenant, whether as written in the deed or as allowed and made effective by the statute, where the deed was filed and referred to, was sufficient, and that this is correct there can be no doubt. The filing of the deed or writing alone is not sufficient, but under the Code the plaintiff was required to file it. (Civil Code, section 120.)

Counsel has overlooked the fact that in the answer and cross petition, on which recovery was sought over against Carrico, appellant's vendor, in the event appellant was held liable on his covenant to appellee, the statement of the warranty was that Carrico had sold and conveyed the land to appellant *"by deed of general warranty,"* by which "Carrico *warranted the title* of said land to him." Counsel doubtless considered this statement sufficient to base a recovery on, and the lower court, being of the same opinion, gave a judgment on the cross petition against Carrico in favor of the appellant.

Counsel also still insists that the lower court erred in refusing to permit the three amended petitions to be filed. It is true that when the court sustained the demurrer to the answer leave was given to amend, and if either of the amendments offered had contained a good defense to the action doubtless the court would and ought to have permitted it to be filed. Still it was in the discretion of the court to require all facts material to his defense, and within the knowledge of the pleader at the time the pleading was offered to be filed, to be embraced in one pleading.

It may be that the statement in the opinion, that the filing of the three amendments were "successively" refused by the lower court was inaccurate, as the refusal was by one order in the case; but that does not affect the question. In any event the court properly refused to permit either amendment to be filed because, as is sufficiently shown in

the opinion, neither one, nor all of them together, contained a good defense to the action. As stated by counsel, it was competent to raise the question as to the sufficiency of the amendments by objecting to the filing when offered, or by insisting on the demurrer if filed. The question in this case was raised by the objection to the filing of the amendments, and the refusal of the court to allow them to be filed was not error.

The petition is overruled.