CASE 104.—ACTION BY J. P. CHINN AGAINST THE FOSTER-MILBURN COMPANY.—April 29, 1910.

## Foster-Milburn Co. v. Chinn

Appeal from Mercer Circuit Court.

M. C. SAUFLEY, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Appeal and Error—Law of the Case.—The determination on a former appeal, on a question there passed on, is the law of the case, and conclusive.

2. Appeal and Error—Harmless Error.—The trial court, on return of the case after appeal by defendant, having jurisdiction of his person, and therefore the right to determine the case, any error in then refusing to quash the process was harmless.

MARSHALL, REBADOW & THOMAS, J. F. VANARSDALL, W. B. SMITH and FRANKLIN R. BROWN for appellant.

E. H. GAITHER, J. MORGAN CHINN and L. M. CHINN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 120 S. W. 364, 134 Ky. 424.

Upon the institution of the action in the court below process was served upon appellant's advertising and distributing agent. A motion was made to quash the process, on the ground that service upon such agent was improper. This motion the trial court overruled. The case then proceeded to trial, and judgment was rendered in favor of appellee. From that judgment an appeal was prosecuted to this court. The judgment was reversed for certain errors pointed out in the opinion. In remanding the case, this court said: "We have not deemed it necessary to determine whether the court properly overruled the motion to quash the process, as the appeal enters the defendant's appearance to the case, and it will be before the court on the return of the action to the circuit court in any event. L. & N. R. R. Co. et al. v. S. D. Chenault & Bro., 115 Ky. 43, 72 S. W. 351, 24 Ky. Law Rep. 1846, and cases cited.

"It is thus stated in 3 Cyc. 511, where a number of authorities are given: 'If the appeal is to a reviewing court, it is a general appearance, in the sense that, on reversal and remand to the trial court, defendant is in court for the purpose of further proceedings, without any further steps to bring him into court, even though the judgment was reversed on the ground that the trial court had not acquired jurisdiction of the person of defendant.'" In announcing this conclusion, this court merely followed the doctrine which was first enunciated in the case of Grace v. Taylor, 1 Bibb, 430, decided in the year 1809, and uniformly adhered to since that time. The additional opinion, concurred in by three of the judges who sat

in the case of Louisville Home Telephone Co. v. Beeler's Adm'x, 125 Ky. 366, 101 S. W. 397, 31 Ky. Law Rep. 19, was not concurred in by a majority of the judges, and is not the law in this state. Since that case was decided, the doctrine announced in Grace v. Taylor, supra, was approved and adhered to in the cases of Pendleton v. Pendleton, 112 S. W. 674, and Asher v. Cornett, 113 S. W. 131.

Upon the return of this case to the lower court appellant again moved to quash the process. This the trial court refused to do for the reason that he had jurisdiction to hear and determine the case because of the appeal theretofore prosecuted to this court. A trial was then had before a jury, which resulted in a verdict and judgment for appellee.

Upon this appeal the only error complained of is the failure of the trial court to quash the process. Upon this question counsel for appellant have presented an able and interesting brief. At the same time, they have questioned the propriety of the doctrine that an appeal from a judgment, void for want of process, enters the appearance of the appellant, on the return of the case, for all purposes. The latter question, however, cannot again be considered. It was passed upon in our former opinion and thus made the law of the case. That opinion, therefore, is conclusive of the question. As the trial court, upon the return of the case, had jurisdiction of the person of appellant, and therefore the right to hear and determine the case, it matters not whether its action in refusing to quash the process was proper or improper. Even if erroneous, appellant was not prejudiced thereby.

Judgment affirmed.