## Job Iron & Steel Company v. Clark.

(Decided October 29, 1912.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Venue of Actions.—Under section 72 of the Civil Code, providing
   in part that an action upon a contract may be brought in the
   county in which the contract "is to be performed," a contract
   which contemplates or provides that it may be performed in
   many counties or in more than one county, does not confer
   jurisdiction upon any of the counties in which it may be or may
   have been in part performed.

2. Venue of Actions—Meaning of the Words "To Be Performed."—
   The words to be performed in section 72 of the Code mean that
   the contract must be performed, or agreed to be performed, in
   all its essential features in one county, and where the contract
   is to be partly performed in several counties and not completely
   performed in any particular county the venue of the action does
   not lie in any of the counties in which the contract might or may
   have been in part performed.

S. S. WILLIS, JOHN E. SHEPARD for appellant.

LESLIE T. APPLEGATE, LOUIS L. MANSON for appellee.

Opinion of the Court by Judge Carroll—Revers-
ing.

This appeal is prosecuted to reverse a judgment ren-
dered in the Kenton circuit court in favor of appellee
and against the appellant company. The suit was
brought by appellee to recover commissions alleged to
be due under an oral contract made in 1908 between the
parties to this litigation.

In stating the terms of the contract the petition avers
that it was agreed that appellee should represent appel-
lant as its agent in the sale of sheet steel in the cities of
Cincinnati, O., and Covington and Newport, Ky., and

adjacent territory, and receive as compensation for his services fifty cents per ton for every ton of steel shipped in to either of said cities whether same was sold by appellee or not. It further averred that under this contract appellant sold and shipped into the cities named, a large amount of steel, on all of which appellee was entitled to commission.

The summons on this petition was directed to the sheriff of Kenton County and was returned by him executed "By delivering a copy to E. G. Job, the president of said company, and to A. J. McCullough, the secretary and treasurer of said company, the chief officers of said company found in my county."

The answer set up several defenses, but as we have reached the conclusion that the only error committed by the trial court was in ruling that the Kenton circuit court had jurisdiction to hear and determine the case, it will only be necessary to notice this question. The first paragraph in the answer, relied on the want of jurisdiction, and reads as follows: "Now comes the Job Iron & Steel Co., and by way of plea and objection to the jurisdiction of the Kenton circuit court, and without admitting the jurisdiction of the Kenton circuit court, says that it is a corporation under the laws of Kentucky, that its principal office and place of business is Boyd County, in the State of Kentucky, and that its only chief officers and agents reside in Boyd County, and that said corporation, in complying with the statutes of Kentucky, has designated agents in Boyd County, Ky., upon whom process may be had, and that defendant has no chief officer or agent upon whom service of process may be had in Kenton County or within the jurisdiction of the court or elsewhere than in Boyd County. This defendant denies that the alleged contract referred to and sued on in the petition was made or to be performed in whole or in part or at all in Kenton County."

To the answer a reply was filed, but in the reply no mention was made of the paragraph in the answer pleading jurisdiction. Subsequent to this, other pleadings were filed, but we find no order of court or pleading relating to the question of jurisdiction until during the trial of the case, when at the conclusion of the evidence for the plaintiff, the defendant moved the court to direct a verdict in its favor and also to dismiss the action for want of jurisdiction, which motions were overruled by

the court.   After these motions had been overruled the
plaintiff filed an amended reply, denying that the con-
tract sued on "was not to be performed either wholly
or in part in Kenton County," and averred "that said
contract sued on was to be and was performed in this
Kenton County, Ky."   After this the trial proceeded to
judgment, and subsequently a motion for a new trial was
filed, which, among other grounds, pointed out the error
of the court in overruling the motion to dismiss the
action for want of jurisdiction.

The venue of an action like this is fixed by sec. 72
of the Code, providing in part that "an action against a
corporation which has an office or place of business in
this State, or a chief officer or agent residing in this
State, must be brought in the county in which such office
or place of business is situated, or in which such officer
or agent resides, or if it be upon a contract, in the above
named county or in the county in which the contract is
made or to be performed, or if it be for a tort, in the first
named county or the county in which the tort is com-
mited."   It will thus be seen that where the corporation
has a chief officer or agent residing in this State and an
office or place of business in this State, and the contract
is made in this State, and is to be performed in this
State, the action may be brought against it in the county
in which it has an office or place of business, or in the
county in which its chief officer or agent resides, or in
the county in which the contract is made, or in the county
in which the contract is to be performed.   But as it is
admitted by the pleadings that the contract sued on was
not made in Kenton County, and further admitted that
the office and place of business of the corporation was in
Boyd County where its chief officers resided, the only
counties having jurisdiction of the action were Boyd
County and the county in which the contract was "to be
performed," if in the meaning of the Code it was "to
be performed" in any county in this State.   So that
under the admitted facts the questions come down to the
point, was the contract sued on "to be performed" in
Kenton County within the meaning of the words "to be
performed" in the Code.   And this involves the inquiry:
Does tne Code provision mean that when service or labor
under the contract may be performed in many counties
or in more than one, the action may be brought in any
one of the several counties in which service or labor may

be performed? Or does it mean that it can only be brought in a county in which the service or labor is "to be performed" when it is to be wholly performed in that county? If the first construction obtains, then an action upon a contract that is to be or that may be partly performed in any one of several counties may be brought in any one of the counties in which it may have been so performed, although not in its entirety. If the other construction prevails, then a contract that may be partly performed in more than one county and that is not to be entirely performed in any single county, can only be brought in the county where the contract is made or where the chief office or place of business of the corporation is located, or in the county where its chief officer or agent resides. So that whether or not the Kenton circuit court had jurisdiction depends upon which of these constructions is proper. Our construction is that the words "to be performed" have reference to a contract that is to be performed wholly or in all its essential parts in one county, and that when a contract provides that it may be performed in more than one county, the venue of the action is confined to the other counties mentioned in the section in which the action may be brought.

Under the Code the venue of actions is local or transitory. In other words, certain actions can only be brought in certain counties, while other actions may be brought in any county in which the defendant may be served with process. The actions that are local are described in sections 62 to 77 inclusive, and in section 78 provision is made for transitory actions. In providing that certain actions should only be brought in specific counties, and in giving the right to bring other actions in any county in which the defendant might be served with process, it was evidently the intention of the framers of the Code to confine to the counties named, the actions the Code localizes and not to permit these actions to be brought in any other county. In carrying out this scheme to localize certain actions, section 72 specifically points out four counties in which an action upon a contract against a corporation may be brought, but if the construction contended for by appellees is correct, the right to bring an action against a corporation would be, in certain states of case, extended to all the counties in the State. For example, if any agent had authority to sell goods in every county in the State, and his compen-

sation depended on commissions for making sales, he could bring his action against his employer in any county in which he sold goods, as his contract would, in part, have been performed in that county.

We do not think it was intended by the Code provision to thus enlarge the number of counties in which the action might be brought, or to extend the jurisdiction to any county in which something under the contract might be done. This construction would destroy entirely the localizing feature contemplated by the Code. It is true that under our construction, if the contract was of such a nature that it might be performed in part in any number of counties and was not to be wholly or in its essential features performed in any single county, the party to the contract desiring to sue the corporation would be obliged to bring his action in the county in which the contract was made or in the county in this State in which the corporation had an office or a place of business or a chief officer or agent, and to this extent he would be deprived of the right to bring it in one of the counties in which, under certain conditions, it might be brought. But this circumstance does not impose on the party desiring to bring the suit any hardship or place him at any disadvantage. On the other hand, if the action might be brought in any county in the State in which the contract might be performed in part, it would give him a roving commission to sue in any county he might select. One of the purposes of the code in describing with so much care the counties in which actions might be brought was to furnish both parties to the contract with definite information concerning the place in which suits concerning the contract could be instituted, but this certainty or definiteness would be practically removed if the suit might be brought in any county. As a rule corporations doing business in this State have a designated office or place of business in some county in the State, or a designated chief officer or agent residing in some county in the State, and thus every person dealing with the corporation knows with certainty in what county he may bring an action against it. In addition to these counties he may, if the contract is made in this State, bring it in the county in which it is made and may also bring it in the county in which it is to be performed, if it is to be performed in whole or in all its essential parts in any one county. The word "performed"

means to "carry through," "execute," "accomplish," to "make complete," to "perfect," (Webster's Dictionary) and there is no reason why the word as used in the section should not be given its usual and ordinary meaning. When so defined it limits the venue to the county in which the contract is to be completed or executed or perfected in all its essential parts and gives to the section a certain and definite meaning. The meaning we have ascribed to the word performed is also strongly supported by the similar definition given to the word in the Statute of Frauds (subsection 7, of sec. 470 of the Kentucky Statutes) reading in part: "Upon any agreement which is not to be performed within one year from the making thereof," and we held in Garnes v. Frazier & Foster, 118 S. W., 998; Halloway v. Hampton, 4 B. M., 415; Klein v. Liverpool Ins. Co., 22 Ky. L. Rep., 301; Davenport v. Gentry, 9 B. M., 427; that contracts that cannot be completely performed within the year are within the statute. The case of Glasscock v. Louisville Tobacco Warehouse Co. 103 S. W., 319, also sustains the construction we have given this section. In that case an action was instituted in Breckinridge County against the warehouse company that had its chief office and place of business in Jefferson County. In holding that the Breckinridge circuit court had jurisdiction of the action we said: "By the terms of the contract appellant was to buy the tobacco in Breckinridge County, prize it in that county, and ship it from that county. The only part of the contract, it appears from the petition that was to be performed outside of Breckinridge County was the honoring of appellant's drafts. It may be claimed that as this was to be done in Louisville, this action should have been brought in Jefferson County. We think, however, that this view would be placing too narrow a construction on section 72, of the Civil Code of Practice, when the petition plainly shows that the contract, in all its essential elements, was to be performed in Breckinridge County. * * * * * * * Holding, therefore, that appellant's action, if he has any, is based upon his contract with appellees, the breach of which is set out in the petition, and that the contract, in all its main features, was to be performed in Breckinridge County, it necessarily follows * * * * * * * that appellant had the right to bring this action in Breckin-

ridge County and to have a process served upon appellees' president in Jefferson County.''

It will be observed that the opinion states that the contract in question, in all its essential parts, was to be performed in Breckinridge County, and therefore that county had jurisdiction. In the case we have the contract was not to be performed in any or all of its essential features in Kenton County. It was to be performed as much in Campbell County as in Kenton County, and if suit could be brought in Kenton County, so could suit have been brought in Campbell County, and if the contract had given appellee the right to sell steel in any county in the State, so could he have sued in any county in which he sold steel, although it seems plain that a contract to sell, and under which sales were made in many counties, would not be completely or in its essential features executed or performed in any one county. Of course the fact that the summons was executed in Kenton County does not affect the question, for when the action is localized by the Code it must be brought in the county specified in the Code, and when brought in that county a summons may be executed, as provided in section 51, in any county, upon the defendant's chief officer or agent who may be found in this State. In other words, if the Kenton circuit court had jurisdiction, the summons could have been executed on the persons it was executed upon in any county in the State where these persons could be found.

The result of what we have said may be thus summed up: To give jurisdiction to the court of the county in which the contract is to be performed, the contract must specify or contemplate that it is to be completely performed, or performed in all its essential parts, in one county. 40 Cyc., 92. But on the return of the case the court will have jurisdiction for the reasons stated in Foster Milburn Co., v. Chinn, 137 Ky., 834.

For the error mentioned, the judgment is reversed with directions for a new trial. Whole court sitting. Judge Nunn dissenting, Judge Settle concurring in dissent.