## Harlan Coal & Coke Company v. Davidson.

(Decided June 3, 1924.)

### Appeal from Harlan Circuit Court.

1. Pleading—No Abuse of Discretion Shown in Refusing to Permit Filing of Amended Answer and Counterclaim.—Court held not to have abused its discretion in refusing to permit defendant to file amended answer and counterclaim on date case was called for trial, more than two years after petition and original answer and counterclaim had been filed.

2. Evidence—Books Held Better Evidence than Statements of Book-keeper.—Testimony of bookkeeper from statement taken from books, in absence of books themselves, which were shown to be still in existence, was incompetent.

3. Pleading—Denial of Motion to File Amended Answer and Counter-claim to Conform to Facts Proved Held Proper.—Denial of motion to file amended answer and counterclaim to conform to facts proved under Civil Code of Practice, section 134, held proper, where trial occurred more than two years after filing of original answer and counterclaim, and defendant knew all facts from the start.

4. Appeal and Error—Assumed that Errors Not Pointed Out by Briefs are Waived.—Court is not inclined to hunt for errors, and, if none are pointed out by briefs, it will be assumed that none exist or that they have been waived.

RADER & HOWARD for appellant.

J. S. FORESTER and G. G. RAWLINGS for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Affirming.

Appellee, R. P. Davidson, sued the appellant, Harlan Coal & Coke Company, in the Harlan circuit court, to recover $4,300.00 damages which he alleged resulted to him from appellant's breach of a written contract between them by which appellant had agreed that he might log from the lands owned by it one million feet of timber.

He claimed that appellant had prevented him from performing the contract. The issues which were made by the pleadings, running from petition to rejoinder, were, in brief, whether appellant prevented appellee from performing the contract or whether appellee voluntarily abandoned it; and how much, if any, appellant had overpaid appellee for the work he did under the contract. A jury tried the case and found that appellant breached the contract and fixed the amount of damages resulting to appellee at $830.00. It found, however, that for the work done by appellee, under the contract, appellant had overpaid him $129.33, and a judgment was entered in favor of appellee against appellant for the difference, $700.67. Appellant's motion and grounds for a new trial were overruled and this appeal has been prosecuted.

As appellant's contentions are presented by brief only one of the grounds set forth in the motion and grounds for a new trial is relied upon as authorizing a reversal of the judgment of the lower court. It relates to the abuse of discretion by the trial court in refusing to permit appellant to file an amended answer on the day the case was called for trial. It appears that the petition in this case was filed March 17, 1920. The answer was filed April 8, 1920. Appellant's reply was not filed until January 5, 1921, while appellee's rejoinder was filed January 7, 1921. No further steps were taken in the case until it was called for trial on the 2nd day of May, 1922. This was the 26th day of the April term, 1922, of the court. By its original answer and counterclaim, filed more than two years previous to this time, appellant had pleaded that appellee had broken and voluntarily abandoned the contract for logging the timber, and that at the time he abandoned the work it had overpaid him for the work he had done $129.33. By the amended answer and counterclaim, which it offered to file May 2, 1922, it set forth that for the work appellee had done for it under the contract before he quit the job, it had overpaid him to the amount of $379.70. The amended answer and counterclaim, by orders of the court, was made a part of the record for the purpose of this appeal. The orders do not indicate why the trial court refused to permit it to be filed. The amended answer and counterclaim is copied into the record and in our opinion does not state facts sufficient to constitute a counterclaim. The trial court may have refused to permit it to be filed for that reason.

(C., N. O. & T. P. R. R. Co. v. Smith & Johnson, 165 Ky. 235; Brady v. Peck, 99 Ky. 42). As will be observed from the dates on which the various pleadings were filed, the court had indulged appellant in permitting its rejoinder to be filed long after it was due. The contract between the parties provided for measurement of the timber at appellant's mill sites and for payment under the contract every two weeks. Appellant must have been in possession of all the facts with reference to the amount of timber delivered to it and the amount of money paid by it to appellee for same at the time it filed its original answer and counterclaim. Trial day for the issues made by the pleadings had arrived and appellee had announced ready for trial. He had made his preparations for a trial of the issues on the pleadings as then made. More than two years had elapsed after the petition and appellant's original answer and counterclaim had been filed. Appellant had moved for a continuance of the case upon grounds that were properly held by the trial court to be insufficient. Then it was appellant offered to file an amended counterclaim raising the amount from $129.33 to $379.70. The court doubtless considered this amended pleading as offered merely an attempt on the part of appellant to force a continuance of the case. In view of the fact that appellant necessarily was in possession of all the facts with reference to the amount of timber delivered to it under the contract by appellee and the amount of money it had paid him for it for the more than two years' time that elapsed between the filing of the original counterclaim and the offer to file the amendment, and the other facts above adverted to, we can not reach the conclusion that the trial court abused its discretion in refusing to permit appellant to file the amended answer and counterclaim. (See Brady v. Peck, *supra*.)

At the close of the testimony in the case, appellant renewed its motion to file the amended answer and counterclaim, relying upon the provision of section 134 of the Civil Code authorizing an amendment to conform the pleadings to the facts proved. It is earnestly insisted that as the testimony clearly and without contradiction shows that for the work performed by appellee under the contract appellant overpaid him $379.70, the trial court erred in refusing the amended answer and counterclaim when offered at the conclusion of the evidence. We find, however, that the testimony on this subject for appellant

was given by its witness, George Hunt, its bookkeeper, and that he testified from a statement taken from the books of appellant. The witness disclosed that the books of the company were then in Lexington, Kentucky. The books would have been the best evidence on the question, and the testimony of this witness from a statement taken from the books, in the absence of the books themselves, which were shown to be still in existence, was incompetent. No other evidence as to the amount appellant overpaid appellee for the work done by him is found in the record. Also the same reasons existed then as before the trial of the case for refusing to permit the amendment to be filed. Hence, we conclude that the trial court did not err in overruling the motion to file the amendment after hearing the testimony.

Three lines of the typewritten brief for appellant are devoted to the argument that the verdict of the jury is not supported by the evidence. We are of the opinion that appellant's counsel devoted as much of his brief to that question as the facts warranted. On the issues as to which of the parties violated the contract, appellee testified that the appellant did, while appellant's superintendent in charge of its work testified that appellee did. The jury found in favor of appellee.

No other question was raised by the brief for appellant, and as we have said in Brown v. Daniels, 154 Ky. 267, and Crawford v. Wiedemann, 158 Ky. 333, the court is not inclined to hunt for errors, and if none are pointe out by the briefs we will assume that none exist, or that they have been waived.

Judgment affirmed.