## Shuey v. Hoffman.

(Decided May 29, 1928.)

### Appeal from Campbell Circuit Court.

1. Pleading.—Legal sufficiency of pleading may be tested by an objection to the filing thereof, which objection is treated as a general demurrer, and filing may be denied, if pleading is insufficient.
2. Appeal and Error.—Decision on former appeal that nunc pro tunc judgment was valid and effective from date of original entry held law of case in subsequent appeal involving sufficiency of reply based on delay in signing of the judgment.
3. Pleading.—Denials in reply which related merely to ultimate effect of proceedings held insufficient to challenge public records exhibited with the answer which proved facts recited therein.

ALBERT R. HOFFMAN and JUDSON A. SHUEY for appellant.

OSCAR H. FORSTER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This appeal involves the propriety of a ruling refusing to file a reply.

If the rejected pleading was legally sufficient to subvert the defense presented by the answer to which it was addressed, it should have been filed. If, however, it was not substantially sufficient for that purpose, its rejection involved no error. The legal sufficiency of a pleading may be tested by an objection to the filing thereof; the objection being treated as a general demurrer thereto. Brady v. Peck, 99 Ky. 42, 34 S. W. 906, 35 S. W. 623, 17 Ky. Law Rep. 1356; C., N. O. & T. P. R. Co. v. Smith, 165 Ky. 235, 176 S. W. 1013; Harlan Coal & Coke Co. v. Davidson, 203 Ky. 580, 262 S. W. 936.

The defense presented by the answer in this case was carefully considered and elaborately explained in the

opinion of this court on the former appeal. Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049.

When our mandate was presented in the circuit court, Shuey tendered the reply, which was not filed, although it was made a part of the record, and judgment was rendered for the defendant, dismissing the action. Shuey has prosecuted the present appeal, insisting that rejection of the reply was erroneous. The sole question, therefore, is whether the reply tendered by Shuey presented a good avoidance of, or defense to, the facts averred in the answer, or any legal reason why the relief sought by the answer should not be awarded. The reply avers that on December 30, 1925, pursuant to a motion of Hoffman in the Campbell quarterly court, an order was entered to the effect that the judgment of September 5, 1917, be signed by the judge then presiding in that court, which was accordingly done, but not until January 28, 1926, when a new judge had qualified. In the opinion on the former appeal we held that the signature of the judge then presiding in the Campbell quarterly court rendered the judgment valid and effective from the date of its original entry on September 5, 1917, and protected the rights of Hoffman which had been acquired under the judgment, even though acquired prior to the time it was signed. That opinion is the law of the case and puts at rest the questions determined on that appeal. Sowders v. Coleman, 223 Ky. 633, 4 S. W. (2d) 731; Sanders, etc., v. Herndon, 128 Ky. 437, 108 S. W. 908, 32 Ky. Law Rep. 1362; Foster & Milburn Co. v. Chinn, 137 Ky. 834, 127 S. W. 476; Howard v. Commonwealth, 114 Ky. 385, 70 S. W. 1055, 24 Ky. Law Rep. 1225; Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167.

The rejected reply contains no denials or averments of fact to alter the conclusions reached on consideration of the case when it was here before. There is no attempt to impeach the verity of the proceedings upon which the rights of Hoffman rested. The denials relate to the ultimate legal effect of the acts, and are not sufficient to challenge the public records exhibited with the answer, which prove the facts recited therein. Jarrett v. L. & N. R. Co., 201 Ky. 452-454, 257 S. W. 17; Walsh's Ex'r v. Pearce's Ex'r, 148 Ky. 760, 147 S. W. 739; Wing v. Dugan, 8 Bush, 583; Barret v. Godshaw, 12 Bush, 592; Johnson v. Asher, 105 S. W. 943, 32 Ky. Law Rep. 317; Daisy Realty Co. v. Brown, 35 S. W. 637, 18 Ky. Law Rep. 155; Lucas v. Lucas, 37 S. W. 588, 18 Ky. Law Rep.

661; Gridler v. Farmers' & Drovers' Bank, 12 Bush, 333.

The record manifests no error, and the circuit court ruled rightly in rejecting the insufficient reply and in rendering final judgment for Hoffman.

The judgment is affirmed.