## Smith v. Louisville Trust Co. et al.

June 8, 1948.

Rehearing denied October 29, 1948.

Frank S. Ginocchio, Lawrence S. Grauman and Walter B. Smith for appellant.

Allen, McElwain, Dinning, Clarke & Ballantine and Davis, Boehl, Viser & Marcus for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The action was instituted by Louisville Trust Company and Citizens Fidelity Bank & Trust Company (formerly Fidelity & Columbia Trust Company), co-administrators with the Will Annexed of the Estate of John A. O'Brien, Deceased, against Patricia R. O'Brien (now Smith), and two beneficiaries of specific bequests who are not parties to this appeal because their bequests have been paid in full. The action was for a settlement of the estate of John A. O'Brien, and was instituted under purported authority of Section 428 of the Civil Code of Practice, which provides:

"1. Who may institute action. A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate (provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.)

"2. Who must be made parties. The representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants."

In addition to averments in respect to corporate and representative authorities of the plaintiffs, and the corporate capacity of one of the beneficiaries of the will, the petition avers merely:

"Plaintiffs say that the defendant, College of Arts and Sciences of Georgetown University, of Washington, D. C., is a corporation organized and existing under the laws of the District of Columbia, with power to sue and be sued, contract and be contracted with, and with power to own and operate a university for the education of young men, and that said College of Arts and Sciences of Georgetown University, of Washington, D. C., was by Clause 2 of the will of the said John A. O'Brien bequeathed the sum of $1,000.00 in cash, to be expended by the Dean of said College for any purposes for which he may think suitable.

"Plaintiffs state that the defendant, The Most Reverend John A. Floersh, Bishop of the Roman Catholic Diocese of Louisville, is the bishop of the Roman Catholic Church for the diocese of Louisville, and that the said John A. O'Brien at the time of his death was living in the diocese of Louisville of the Catholic Church, and by Item 2 of his will gave to said defendant the sum of $5,000.00, which should be expended for any purposes that said defendant may think is proper or desirable.

"Plaintiffs say that after their qualification as administrators, with the will annexed, of the said John A. O'Brien, they entered upon the performance of their duties as such, and took possession of all of the personal estate of the said John A. O'Brien, deceased, and have continued to act as such administrators with the will annexed ever since; that they have caused all estate and inheritance taxes, except certain disputed and undetermined portions thereof, and all debts of said estate, to be paid, and have collected all income arising therefrom, and have kept an account of their receipts and disbursements and are now ready to make final settlement of the said estate; that they have not paid the bequests to either the College of Arts and Sciences of Georgetown University of Washington, or to the Roman Catholic Bishop of the Diocese of Louisville, but that there are sufficient assets to pay both of said bequests."

The prayer of the petition reads as follows:

"Wherefore, the premises considered, plaintiffs pray that their accounts as administrators, with the will annexed, of the estate of the said John A. O'Brien, be referred to the Commissioner of this Court for settlement, and for determination of the amount to be paid to the beneficiaries under the will of John A. O'Brien, as hereinabove set forth; that an order be entered fixing and determining the compensation to be allowed the plaintiffs for their services as administrators with the will annexed of said estate, and that an order be entered fixing the compensation of their attorneys herein for their services in settling said estate, and that said estate be finally settled and distributed by order of this Court; for their costs herein and for all proper and equitable relief."

The principal asset of the estate of John A. O'Brien

was a substantial interest in the partnership of E. J. O'Brien and Company, which was engaged in the business of brokering and wholesaling loose-leaf tobacco. The partnership referred to did not terminate upon the death of either of the partners; and pursuant to the terms of the Articles of Partnership, the estate of John A. O'Brien was to continue as a partner until sold, or until the termination of the partnership should be made by agreed dissolution or incorporation. Approximately two years prior to the institution of this action, Mrs. Smith sold her interest in the partnership to the other members thereof, receiving for her share the sum of $380,000. Approximately eighteen months thereafter this suit was instituted by the Administrators; but previous thereto Mrs. Smith (then O'Brien) instituted a separate suit in the Jefferson Circuit Court against the partners of E. J. O'Brien and Company for the purpose of rescinding the sale of her interest in the partnership. After a hearing in the rescission suit, the lower Court dismissed her petition, which decision was affirmed by this Court, and certiorari denied by the Supreme Court of the United States. O'Brien v. O'Brien et al., 294 Ky. 793, 172 S. W. 2d 595; Id., 321 U. S. 767, 64 S. Ct. 518, 88 L. Ed. 1063.

In the instant case Mrs. Smith filed a special and a general demurrer to the petition. The special demurrer was based on the allegation that the Court had no jurisdiction of the subject matter of the action. The general demurrer was based on the allegation that the petition does not state facts sufficient to constitute a cause of action against the defendant (appellant), or for the settlement of the estate of John A. O'Brien, deceased.

In referring to Section 428 of the Civil Code of Practice, supra, Section 429 of the Code provides:

"In such an action the petition must state the amount of the debts and the nature and value of the property, real and personal, of the decedent, so far as known to the plaintiff; and, if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended or devised to the heirs or devisees who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts."

It will be noted that the petition in this case does

not follow the requirements of Section 429, supra, in that it does not state the amount of the debts, if any, the nature or value of the property, real or personal, of the decedent; neither does it aver that the personal estate is insufficient for the payment of all or any debts. The petition states that, by the terms of the will, certain bequests were made to the College of Arts and Sciences of Georgetown University of Washington, D. C., and to the Reverend John A. Floersh, Bishop of the Roman Catholic Diocese of Louisville, which at the time of the institution of the action were unpaid; but the petition further alleges that there were at that time sufficient assets to pay both of the bequests; and no allegation was made in the petition that any one questioned the right of either of the beneficiaries to receive the bequests. The petition further alleged that the plaintiffs had caused all estate and inheritance taxes, ''except certain disputed and undetermined portions thereof,'' and all debts of the estate to be paid, and that they had collected all income arising therefrom, and had kept an account of all receipts and disbursements, and that the plaintiffs at the time of the filing of the petition were ready to make final settlement of the estate.

It is obvious that the allegations of the petition fall short of the requirements of an action to give a circuit court jurisdiction of a case for the settlement of an estate. It is equally obvious from the averments of the petition that the estate had been settled, except the payment of the specific bequests to the College of Arts and Sciences of Georgetown University and the Bishop of the Roman Catholic Diocese of Louisville; and since no contention was made in respect to the payment of these bequests, the Administrators had only to file their settlement with the Judge of the Jefferson County Court. It is apparent that the Jefferson Circuit Court should have sustained the general demurrer to the petition, because it did not state a cause of action for the settlement of an estate.

The judgment is reversed.