## Louisville Trust Co. et al v. Smith.

### May 16, 1950.

#### Scott Miller, Judge.

Allen, McElwain, Dinning, Clark & Ballantine and Davis, Boehl, Viser & Marcus for appellants.

Walter B. Smith for appellee.

MORRIS, COMMISSIONER—Affirming.

In Smith v. Louisville Trust Co. et al., 308 Ky. 189, 213 S. W. 2d 987, we held that the original petition did not state a cause of action for the settlement of the estate involved, in that it did not contain the averments prescribed in Section 429 of the Civil Code of Practice.

Upon return of the case to the Circuit Court, appellants filed motion for permission to file an amended petition. Objection was entered thereto and the court denied the motion, but permitted the tendered petition to be made a part of the record.

16.

Appellants argue that the chancellor interpreted the mandate and opinion of the court in this second appeal, as precluding any further pleadings in the action, and that the question, as to whether the allegations of the amended petition were sufficient to state a cause of action, was never reached.

We deem it unnecessary to go into the niceties of the difference between the overruling of a motion to file an amended petition, to which there is objection, and the sustaining of a demurrer to that petition after filed, because here this tendered amended petition did not state a cause of action. The result is the same as if it had been, filed and demurrer sustained thereto. In Shuey v. Hoffman, 224 Ky. 765, 7 S. W. 2d 202, 203, we said: "The legal sufficiency of a pleading may be tested by an objection to the filing thereof; the objection being treated as a general demurrer thereto." See also the cases cited therein.

We have carefully considered the tendered amendment and find that it contains nothing additional which would justifiably bring it within the provisions of the Code. There does seem to be an attempt to set up the existence of a controversy between the parties, in that appellants had tendered to appellee a proposed settlement of the estate which they intended to make, to which she registered some objections. We only ask, where would we be going, if, in the settlement of estates properly to be made in the county court, we should follow a rule for administrators to submit a proposed settlement to those interested, and merely because of disapproval thereof, permit action to be brought in circuit court. It is the duty of the administrator to settle. One of the purposes of settlement in the county court is to give the parties interested an opportunity to file objections seasonably and properly. There is no reason why an exception should prevail in Jefferson County. This matter has been unreasonably prolonged. The settlement should be made as per the opinion in the former appeal.

The judgment is affirmed.