## SMITH v. LOUISVILLE TRUST CO. et al.

Court of Appeals of Kentucky.
March 6, 1951.

Rehearing Denied April 17, 1951.

Walter B. Smith, Louisville, for appellant.

R. Lee Blackwell, Wm. Marshall Bullitt, Bullitt, Dawson & Tarrant, Irvin Marcus and Davis, Boehl, Viser & Marcus, all of Louisville, for appellee.

VAN SANT, Commissioner.

Appellant sought by her petition and motion permanently to enjoin appellees from further prosecuting a second so-called settlement suit in the Jefferson Circuit Court. The court dismissed plaintiff's petition. Plaintiff then filed motion for reconsideration of her petition. The court overruled this motion and granted plaintiff an appeal to this court.

Appellees, co-administrators with the will annexed of John A. O'Brien, deceased, had instituted their first action in the Jefferson Circuit Court for a settlement of the estate of John A. O'Brien. Upon appeal to this court it was held that the petition did not state a cause of action for the settlement of the estate in that it did not contain the averments prescribed in Section 429 of the Civil Code of Practice. Smith v. Louisville Trust Co., 308 Ky. 189, 213 S.W.2d 987.

Upon return of the above case to the circuit court, the co-administrators tendered an amended petition. Objection being entered thereto the court refused permission to file same but permitted the tendered amendment to be made a part of the record. The co-administrators then appealed to this court.

Soon thereafter and while this second appeal was pending, this second action was filed in the Jefferson Circuit Court seeking a settlement of the estate of John A. O'Brien, deceased. In the second appeal above the judgment was afterwards affirmed. Louisville Trust Co. v. Smith, 313 Ky. 15, 230 S.W.2d 64.

■ It appears to be the position of the co-administrators that as long as there remain disputed questions they are entitled to bring action in the circuit court for the settlement of the estate. The mere fact that there are disputed matters and possibly questions that should be litigated, is not qualification for a settlement suit in the circuit court. One of the basic requirements for such suit is that there be not sufficient personal estate for payment of the debts.

It will be noted that this second attempted settlement suit was filed while the second action above was in the process of appeal. The averments of the first action failed to meet the requirements of 429 of Civil Code of Practice. The tendered amendment, which was the subject of the second appeal, also failed in this respect. There could be no possible end to litigation should a party be permitted to file a series of attempted settlement suits.

Since this matter has been before us, another case has come and gone which had to do with the filing of a settlement of this estate in the county court, in which appellees claimed to have made a purported final settlement, subject to a few questions yet to be determined. Again we say this matter has been unreasonably prolonged.

The way has been opened and is now open for the final settlement in county court. Under two former opinions of this court appellees have been directed to make final settlement in the county court. Further unnecessary delay will be inexcusable.

The court below should have permanently enjoined the further prosecution of this second settlement suit.

The judgment is reversed for entry of judgment consistent herewith.