Patricia R. SMITH, Appellant,

v.

Lawrence S. GRAUMAN, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1954.

As Modified on Denial of Rehearing
Dec. 3, 1954.

Walter B. Smith, Louisville, for appellant.

R. D. McAfee, Albert F. Reutlinger, Louisville, for appellee.

CULLEN, Commissioner.

Lawrence S. Grauman, an attorney, sued Mrs. Patricia R. Smith for $3,750 in attorney fees alleged to be due under a written contract pursuant to which Mr. Grauman had agreed to perform legal services for Mrs. Smith in certain litigation in which she was involved. Mrs. Smith denied that Grauman had performed the required services, and asserted other defenses. The case was tried before a jury, and at the conclusion of the evidence the court directed a verdict in favor of Grauman for the amount sued for. Mrs. Smith appeals from the judgment entered on the verdict.

The litigation in which Mrs. Smith was involved was a settlement suit brought by the administrators of the estate of her deceased first husband. At the time the written contract was entered into with Grauman for his legal services, the case was pending in the Court of Appeals on appeal by Mrs. Smith from a judgment in favor of the administrators. Mr. Grauman had rendered some services in the case, prior to the appeal, under an oral agreement, and Mrs. Smith was represented also by two other attorneys, one of whom was her present husband, Walter B. Smith.

The parts of the written contract in issue here are paragraphs (2) and (5), which are as follows:

"(2) First Party hereby employs Second Party to represent her in the above styled case until its final conclusion. Second Party agrees to assume entire responsibility for the writing of all future briefs to be written for the sum of two hundred fifty dollars ($250.00) for each brief. * * *

* * * * * *

"(5) First Party agrees to pay Second Party three thousand dollars ($3000.00) if the settlement suit is dismissed by the Court of Appeals of Kentucky on account of the petition filed by the co-administrators being ruled insufficient under Sections 428 and 429 of the Civil Code of Kentucky."

Three briefs on which Mr. Grauman's name appeared as one of the counsel were filed in the Court of Appeals in the settlement case, on behalf of Mrs. Smith. The decision of the Court of Appeals was that the settlement suit be dismissed for the very reason mentioned in paragraph (5) of the contract. See Smith v. Louisville Trust Co., 308 Ky. 189, 213 S.W.2d 987.

When the mandate of the Court of Appeals was filed in the circuit court, there was tendered on behalf of Mrs. Smith a judgment dismissing the settlement suit. At the same time, the administrators tendered a motion for permission to file an amended petition, which the court overruled. The judge then indicated he would sign the judgment as tendered on behalf of Mrs. Smith, but later this judgment was altered so as to include a reference to the action of the court overruling the administrators' motion for permission to file an amended petition. The administrators then appealed from the judgment to the extent it had overruled their motion. Mrs. Smith formed the opinion that Mr. Grauman was at fault in permitting this second appeal to be taken and after a dispute over a brief proposed to be filed on the second appeal she discharged Mr. Grauman.

The judgment in favor of Mr. Grauman in the action now before us includes $250 for each of the three briefs filed on the first appeal of the settlement suit, and the $3,000 mentioned in paragraph (5) of the contract.

Mrs. Smith maintains that Mr. Grauman did not "assume entire responsibility" for the three briefs, and in fact did nothing more than lend his name to the briefs. She insists that she and her husband, Walter B. Smith, did all of the work in connection with the preparation of the briefs. We have examined carefully all of the evidence, and from this examination the conclusion is inescapable that Mr. Grauman did such work and assumed such responsibility as Mrs. Smith would permit him. The evidence shows that Mrs. Smith insisted upon supervising every aspect of the litigation, and demanded the right to control every detail in connection with the preparation, printing and physical delivery of the briefs.

Although there is a conflict in the testimony as to who prepared various memoranda for briefs, we think this is unimportant. There is absolutely no proof that Mr. Grauman did not perform such services as Mrs. Smith would let him perform concerning these three briefs.

After the decision by the Court of Appeals on the first appeal in the settlement suit, both Mrs. Smith and her husband expressed pleasure and satisfaction with Mr. Grauman's services. It is apparent that their present claim that he did not do any work grows out of the dispute that arose when the second appeal was filed. We think it is clear that Mr. Grauman fully complied with his contract concerning the briefs.

Mrs. Smith's contention that Mr. Grauman is not entitled to the $3,000 provided for in paragraph (5) of the contract seems to be based on the idea that Mr. Grauman was at fault in permitting the judgment upon the mandate to be so phrased as to permit the administrators to take the second appeal. Also, it is argued that Mr. Grauman refused to render services on the second appeal.

Without detailing the evidence, it will be sufficient to say that there is no basis for attributing any fault to Mr. Grauman concerning the phraseology of the judgment. The evidence shows clearly that he objected to any change being made in the judgment as tendered, and that the change was made without his consent and against his protests. Actually, the real complaint of Mrs. Smith is that he went to the circuit judge's chambers, at the judge's insistence, at the time the change was made, without first getting Mrs. Smith's consent to do so. We believe that to require the client's consent for this kind of activity would be to impose wholly unreasonable restrictions upon an attorney's movements.

There was evidence that Mr. Grauman refused to sign a brief prepared by Mr. and Mrs. Smith on the second appeal in the settlement suit, but Mr. Grauman's testimony was undisputed that he refused to sign the brief because it contained what he considered to be misstatements of fact.

There is some contention that Mr. Grauman is not entitled to anything for his services because he did not represent Mrs. Smith in the settlement suit "until its final conclusion," as required by paragraph (2) of the contract. However, he did perform the specific services for which he now seeks compensation, and his failure to remain in the case until its final conclusion is due to the fact that he was discharged by Mrs. Smith.

Mrs. Smith maintains that the case should have been submitted to the jury to determine the reasonable value of Mr. Grauman's services, under the general rule that when an attorney's employment is terminated before completion of the work he was employed to do, he can recover only on a quantum meruit basis. However, that rule is not applicable here, because the particular services for which recovery is sought were completely performed before the employment was terminated, and the contract therefore controls. Sharp v. Culton, 262 Ky. 84, 89 S.W.2d 869.

The court refused to permit Mrs. Smith to introduce evidence as to how much she had paid Mr. Grauman for his services in the case prior to the time the written contract was made. It appears that her purpose in seeking to introduce this evidence was to show that Mr. Grauman was getting more money out of the case than his services were worth. This evidence clearly was irrelevant and was properly excluded.

It is our opinion that the court properly directed a verdict for Mr. Grauman.

The judgment is affirmed.