**Russell HILL, Appellant,**

v.

**CUMBERLAND DAIRIES, Inc., Appellee.**

Court of Appeals of Kentucky.

March 16, 1956.

J. Milton Luker and Charles R. Luker, London, for appellant.

R. B. Bertram and Bruce H. Phillips, Monticello, for appellee.

CLAY, Commissioner.

This action on a contract was brought by plaintiff Hill against the defendant corporation in Laurel County. On defendant's

motion the complaint was dismissed on the ground of improper venue.

KRS 452.450 (formerly Section 72, Civil Code) reads in part as follows:

"* * * an action against a corporation which has *an office or place of business* in this state, or a chief officer or agent residing in this state, must be brought in the county *in which such office or place of business is situated* or in which such officer or agent resides; or, if it be upon a contract, in the above-named county, or in the county in which the contract is made or to be performed; * * *." (Our emphasis.)

It was stipulated that the defendant's home office and principal place of business is located at Monticello in Wayne County, and that the president, two vice presidents, secretary and treasurer reside in Wayne County. It was further stipulated that the written contract was executed in Wayne County.

While it is contended by plaintiff that the contract was to be performed in Laurel County, such performance in that county, as shown by the record, was not sufficient to establish venue there. See Job Iron & Steel Co. v. Clark, 150 Ky. 246, 150 S.W. 367.

The principal question is whether or not defendant maintained in Laurel County such an office or place of business contemplated by KRS 452.450 as would authorize suit in that county over the defendant's objection. Each party has filed an affidavit concerning the nature of business transacted by defendant in that county. Plaintiff's affidavit is to the effect that defendant maintains a local office and distribution center at London, in Laurel County, and that up until 1953 he was the resident manager there for the defendant. This affidavit states that a full-time bookkeeper is employed there; that raw milk is received at, and processed milk products are distributed from, this place of business; that records pertaining to local customers are kept there; and that receipts from customers are collected and deposited in a London bank.

In defendant's affidavit it is stated that the place of business in London is primarily a gathering station for raw milk; that a loading and unloading platform is maintained; and that dairy products are delivered to that place of business for distribution in Laurel and surrounding counties. Defendant's affidavit denies that plaintiff was at any time a resident manager of the defendant in Laurel County; states that no records are required to be kept there except a "brief customers record"; and further states that collections deposited in the London bank are immediately forwarded to the company's principal place of business in Monticello. It is further stated that all records relating to all transactions and all employees are kept and maintained in Monticello.

It was apparently the view of the trial court that under KRS 452.450 the present action should be brought in the county in which the defendant has its *chief* office or place of business, and under the facts shown by this record, such chief office or place of business was not in Laurel County. We believe this interpretation of the statute is more strict than the language requires since the statute refers to *"an* office or place of business". (Our emphasis.) See National Building & Loan Ass'n v. Gallagher, 54 S.W. 209, 21 Ky.Law Rep. 1140, and Ft. Jefferson Imp. Co. v. Green, 112 Ky. 85, 65 S.W. 161.

It is defendant's contention that while the action need not necessarily be brought where defendant corporation maintains its chief office or place of business, the localizing purpose of the statute was to permit actions only in those counties where a *principal* office or place of business was maintained. Were we to concede this, although the statute does not require it in terms, we are of the opinion that the localized operation in Laurel County, in view of the nature of defendant's business, is such a principal place of business and is amply sufficient to bring

the defendant corporation into Laurel County for the purpose of suit. It may be said the statute contemplates that the corporation is doing business in the particular county to such an extent that it is actually present there and has such a responsible agent in the county as would presumptively bring home to the corporation notice of summons served upon him as its representative.

In our opinion this suit was properly brought in Laurel County and the lower court improperly dismissed the plaintiff's complaint on the ground of improper venue.

The judgment is reversed for consistent proceedings.