KEM MANUFACTURING CORPORA-
TION, d/b/a Cerfact Laboratories,
Appellant,

v.

KENTUCKY GEM COAL COMPANY,
INC., Appellee.

Court of Appeals of Kentucky.

Sept. 5, 1980.

Discretionary Review Denied
Feb. 12, 1981.

S. Arnold Lynch, Lynch, Sherman &
Fowler, Eric M. Lamb, Louisville, for appel-
lant.

W. Lewis Brown, Louisville, Samuel E.
Davies, Jr., Barbourville, for appellee.

Before HAYES, C. J., and HOWARD and
REYNOLDS, JJ.

HOWARD, Judge.

The issue of this appeal is whether in an
action against a corporation, venue under
K.R.S. 452.450 is conferred by the designa-
tion of a registered office and agent. Both
parties to this litigation are corporations.
The appellant, Cerfact Laboratories, and
the appellee, Kentucky Gem, entered into a
contract in Clay County, Kentucky, which
called for the appellant to deliver certain
goods to the appellee in Clay and Laurel
Counties. As a dispute arose concerning
these business dealings, the appellant
sought to institute a civil action against the
appellee. Upon inquiry to the office of the
Secretary of State, it was discovered that
the registered office and agent of the ap-
pellee was located in Jefferson County. A
suit to collect money upon an open account
was thereby brought in Jefferson Circuit
Court. On June 20, 1979, the complaint was
dismissed for lack of venue under K.R.S.
452.450, with the court noting that the ap-
pellee's principal place of business is in
Whitley County and that the appellee main-
tained no office in Jefferson County other
than that of the registered agent.

K.R.S. 452.450 designates the proper fo-
rum in which venue may be conferred in
actions against a corporation. Among oth-
er options, the statute allows the suit to be
brought in the county in which the corpora-
tion has an office or a place of business.
The instant action was initiated in Jeffer-
son County, the county in which the appel-
lee maintains a registered office and agent
as required by K.R.S. 271A.060. The sole
purpose of the office, insofar as the appel-
lee is concerned, is to meet the statutory
requirements wherein service of process
may be made. The trial court determined
that the mere presence of a registered of-
fice and agent is not sufficient to establish
venue.

Apparently, this is a case of first impres-
sion in this jurisdiction. We are, however,
directed to *Hill v. Cumberland Dairies*, Ky.,
288 S.W.2d 341 (1956), in which the Court
dealt with a similar venue problem. In the

*Hill* case, the plaintiff brought a contract action in Laurel County where the defendant corporation maintained a gathering station for raw milk. The lower court dismissed the action for lack of venue on the ground that the defendant's chief office was located in another county. The Court of Appeals reversed, noting that K.R.S. 452.450 refers to *an* office or place of business rather than the chief office. The Court went on to address the defendant corporation's argument that the statute required "a principal office" and stated:

> It may be said the statute contemplates that the corporation is doing business in the particular county *to such an extent that it is actually present there* and has such a responsible agent in the county as would presumptively bring home to the corporation notice of summons served upon him as its representative. *Id.* at 343. (Emphasis added).

This language would appear to require that in order for venue to be established, some actual business must be conducted in the county. We do not feel, however, that this case is dispositive of the issue at hand as the Court therein was not faced with a situation in which the plaintiff was seeking to establish venue in the county in which the registered office and agent were located. The fact that this office and agent are required to be registered with the Secretary of State and thus placed in the public record is of great significance.

Even prior to the adoption of the Kentucky Business Corporation Act, this State has required corporations to maintain an office, formerly labeled designated office, in which service of process could be made. The purpose of this requirement was explained by the Court, while addressing a similar venue issue, in *Job Iron & Steel Co. v. Clark*, 150 Ky. 246, 150 S.W. 367 (1912).

> As a rule, corporations doing business in this state have a designated office or place of business in some county in the state, or a designated chief officer or agent residing in some county in the

state, and thus every person dealing with the corporation knows with certainty in what county he may bring an action against it. *Id.* at 369.

The importance of achieving this certainty in establishing where an action may be brought against a corporation cannot be underestimated. There is an abundance of corporations doing business within the State, many with offices throughout the Commonwealth. It is clear that both K.R.S. 271A.060 which requires that each corporation maintain a registered office and agent and K.R.S. 452.450, which designates venue in actions against corporations, were designed to insure that the corporations would be accessible to litigation. The drafter's comment to the Model Business Corporation Act, from which Chapter 271A of the Kentucky Revised Statutes evolved, in explaining the requirement for a registered office and agent states:

> They are based upon the premise that it should be possible at all times to find a corporation and to have a person upon whom and a place at which any notice or process required or permitted by law may be served. . . . 1 *Model Business Act* Annotated § 12, Registered Office and Agent.

Certainly, to allow the appellee to prevail in this action would be to defeat the purpose for which these statutes were promulgated. We therefore hold that it is the clear intent of the Legislature that a corporation may not defeat venue in an action brought in the court in which its registered office and agent is located.

For these reasons, the judgment of the Jefferson Circuit Court is reversed.

All concur.