SAMUEL ROSENBLUM, PLAINTIFF AND APPELLEE, v. DANIEL SCHACHNER, DEFENDANT AND APPELLANT.

Submitted March 20, 1913—Decided June 17, 1913.

1. Where the original contract was void, having been made on Sunday, the delivery by the vendors and the retention by the defendant of the merchandise under that contract is a sufficient consideration for a new express promise to pay for it, made thereafter by the defendant, and a recovery may be had on the new express promise.
2. On appeal from the District Court, an argument that the judge erred in charging the jury will not be considered where the case settled by the judge, without objection, does not show that the judge charged the matter alleged to be objectionable.

---

On appeal from the First District Court of Jersey City.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Abraham Levitan.*

For the appellee, *Heyman & Heyman.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought upon a check for $377.95 made by the defendant below to the order of Schwartz & Pakula, and endorsed by the payees to the plaint-

iff. The trial was before the court with a jury. The plaintiff obtained a verdict and entered judgment, and the defendant appealed.

The facts exhibited by the evidence at the trial were these: On Sunday, September 8th, 1912, the defendant purchased from Schwartz & Pakula some cucumbers, which were delivered to him on the same. day. On a subsequent Saturday, in the latter part of September or the early part of October, the defendant claimed some allowance for alleged shortages, and after an adjustment, gave to Schwartz & Pakula the check in question, which was post dated Tuesday, October 15th, 1912, with the promise that it would be paid on that day.

At the close of the trial, counsel for the defendant moved for the direction of a verdict in favor of the defendant because the contract sued upon was made on Sunday and was therefore void. The court refused this motion upon the ground that, while the original contract was void, the retention by the defendant of the merchandise was sufficient consideration for the new express promise thereafter made by him, as evidenced by the check upon which the suit was brought.

We think the court's refusal to direct a verdict for the defendant was proper.

Although the original contract was void, having been made on Sunday, the delivery by the vendors and retention by the defendant of the merchandise under that contract was sufficient consideration for the new express promise to pay for it, made thereafter by the defendant, and a recovery may be had on the new express promise. *Reeves* v. *Butcher,* 2 *Vroom* 224; *Brewster* v. *Banta,* 37 *Id.* 367; *Telfer* v. *Lambert,* 50 *Id.* 299.

In the case of Reeves v. Butcher, Chief Justice Beasley (on p. 228) says: "It is, I think, going quite far enough to maintain that the consideration emanating from the tainted contract will be sufficient to form a foundation for a new express promise."

In Brewster *v.* Banta, Chief Justice Depue (on *p.* 369), citing Reeves *v.* Butcher, says: "But that the consideration emanating from the tainted contract will be sufficient to form a foundation for a new express promise, on which recovery might be had."

In view of the evidence that, subsequent to the sale and delivery, the defendant expressly promised to pay and did actually give his check in payment, upon which this suit was brought, the court properly declined to direct a verdict for the defendant.

The argument that the judge erred in charging the jury will not be considered because the case, settled by the judge without objection, does not show that the judge charged the matter alleged to be objectionable.

The judgment will be affirmed.