## The Standard Auto Insurance Association v. West.

(Decided May 23, 1924.)

### Appeal from Calloway Circuit Court.

1. Evidence—Plain Terms Cannot be Changed by Allegation or Mistake Not Mutual.—Plain and unambiguous terms in a contract, or a writing which is basis of contract, may not be varied or changed upon allegations of mistake by one party.

2. Pleading—Bare Allegation of Fraud Without Facts Only Conclusion.—Bare allegation of fraud of insurance agent in filling out application blank, without statement showing how fraud was committed, was only conclusion of pleader.

3. Insurance—Allegations Held Insufficient as Averments that Answers in Application were Made by Fraud of Insurer's Agent.—Allegations that answers in application for insurance were made by fraud, and that application was written by agent of defendant company, and signed by plaintiff without reading it, is insufficient to charge that such answers were made by fraud of agent.

4. Pleading—Objection to Filing of Amended Reply Raised Question of Sufficiency.—Defendant's objection to filing of amended reply raised question of its sufficiency.

5. Trial—Answer Setting up Fraud in Procuring Issuance of Policy Held Not to Present Equitable Defense.—Answer of insurer, only relying upon fraud of policy holder in procuring issuance of policy by false representations and warranties in application, set up no equitable defense which would warrant transferring cause to equity docket.

6. Jury—Party Deprived of Trial by Jury by Transfer to Equity Docket.—Transfer to equity docket of case wherein there was only a plain common law issue, held in effect to deprive objecting party of his right to trial by jury.

7. Insurance—Representations as to Cost of Automobile, and Model, Material.—Statement in application for fire insurance on automobile that actual cost of car was $1,150.00, when it was only $950.00, and that it was a 1919 model, when in fact it was a 1918 model, were material misrepresentations.

8. Insurance—Words, "Actual Cost to Assured, Including Equipment," in Application Held to Mean Only Equipment Purchased with Car.—"Actual cost to assured, including equipment," in application for fire insurance on automobile, means actual cost of car and equipment purchased with it, and does not include repairs or new equipment thereafter purchased.

9. Insurance—Insured Cannot Avoid Effect of Misrepresentation in Application by Showing that he Did Not Read it.—Insured cannot excuse misrepresentation of facts in application for fire policy by showing that he signed application without reading it.

EATON & BOYD for appellant.

J. P. HOLT for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

In March, 1921, appellant issued to appellee, the owner of an Overland touring car, a policy of insurance wherein, among other things, it contracted to insure him against loss or damage to the car by fire, in the sum of $900.00.

Thereafter in July, 1921, the car was practically destroyed by fire, and this is a suit on that policy, it being alleged that at the time of the fire the actual value of the car was $900.00.

In the first paragraph of the answer the issual and delivery of the policy is admitted, but it is denied that at the time of the fire the policy was in force, or that the value of the car at that time was any sum in excess of $125.00.

In separate paragraphs it is affirmatively pleaded by defendant that plaintiff made to it a written application for the policy of insurance, duly signed by him, wherein he represented and warranted that the car in question was a 1919 model, and that the actual cost to him therefor, including equipment, was $1,150.00; that each of said representations and warranties was false, although they were at the time relied upon by defendant as true, and except for such reliance the policy would not have been issued. It is alleged that each of these false statements was made by plaintiff for the purpose of misleading and deceiving the defendant and procuring the issual of the policy, and for the purpose of procuring the issual of a policy in a greater sum than the actual value of the car.

There were other defenses not necessary here to be considered.

The reply denied the material allegations of the answer.

The court upon motion of the plaintiff transferred the action to the equity docket, to which defendant at the time excepted; and after the evidence was taken a judgment was entered for the plaintiff in the sum of $600.00.

However, before final submission and during the hearing of the case by the court, the plaintiff was permitted to file an amended reply over defendant's objection. That amended reply alleges

"That if the errors complained of in the answer appear in the application (and the application is in the possession of the defendant) then same were made by fraud, accident or mistake of plaintiff. Said application was written by the agent of the defendant company, J. W. Doran, and not by plaintiff, and plaintiff did not read same when he signed same, but supposed that said agent stated the facts correctly."

Assuming for the purpose of this opinion that the word "plaintiff" is incorrectly copied in the allegation that the errors in the application "were made by fraud, accident or mistake of plaintiff," or that the same was a manifest error in the use of the wrong word, still, the plea of fraud or mistake is clearly insufficient, and did not authorize the introduction of evidence on that issue, even if it intended to charge the fraud against defendant's agent. Plain and unambiguous terms in a contract, or in a writing which is the basis of a contract, may not be varied or changed except upon the allegation of mutual mistake of both parties to the contract, and not by a were allegation that one party to the contract was guilty of a mistake.

Likewise the bare allegation of fraud without a statement of the facts showing wherein and how the fraud was committed is only a conclusion of the pleader. The allegation here, assuming it was intended to charge the agent of defendant with fraud, is only that the answers appearing in the application were made by fraud, and that the application was written by the agent of the company, and signed by the plaintiff without reading it. This is far from charging that the agent of the company, without the knowledge or consent of the plaintiff, fraudulently inserted false answers in the application, and fraudulently procured the plaintiff to sign the same without reading it. 21 R. C. L., pp. 440-2.

So that if the amended reply intended to charge the false answers were placed in the application by mistake, it was insufficient because it failed to allege they were placed there by the mutual mistake of both the plaintiff and the agent of the corporation. If, on the other hand, it was intended only to charge that they were placed therein by the fraud of the agent of the corporation, it was insufficient because of its failure to allege that he fraudulently placed them therein without the knowledge or consent of the plaintiff, and fraudulently induced him to sign the same without reading it.

It results from what we have said that the court erred in permitting the amended reply to be filed over defendant's objection, because the objection to the filing raised the question of its sufficiency.

We are likewise of opinion that the court erred in transferring the case to the equity docket. There is no equitable defense presented by the answer; it only relies upon the alleged fraud of the policyholder in procuring

the issual of the policy by reason of his false representations and warranties in the application.

By transferring to the equity docket a case wherein there is only a plain common law issue, the parties are, in effect, deprived of a trial by jury, and manifestly in this case they were so entitled.

The statement in the application that the actual cost of the car including equipment was $1,150.00, when in truth it was only $950.00, was a material misrepresentation. And, likewise, the representation that it was a 1919 model when in fact it was a 1918 model was material to the risk and the amount of the risk which appellant might be willing to assume.

"The actual cost to insured, including equipment" evidently means the actual cost of the car itself and the equipment purchased with it at the time of the original purchase, and does not include repairs or new equipment thereafter purchased and used on or in connection with the car.

Nor can the allegation that the plaintiff did not read the application before signing same be taken advantage of by him. If one was thus permitted to take advantage of his own carelessness and avoid the obligations assumed by him in a writing, solemn written contracts would be of little value as evidence of the engagements entered into by men. McGregor v. Metropolitan Life Insurance Co., 143 Ky. 488; J. I. Case Threshing Machine Co. v. Mattingly, 142 Ky. 582.

No other questions are decided, but because of the errors indicated the judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.