## Hofgesang v. Silver.

(Decided February 14, 1928.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Sunday.—Where owner and broker met at broker's office on Sunday, and owner addressed letter to broker by which he proposed to exchange farm for houses and lots upon condition that offer be accepted within one day, and letter set forth agreement regarding commissions broker should receive if offer should be accepted by owner of houses and lots, and owner signed letter and delivered it to broker, contract was executed on Sunday in violation of Ky. Stats., section 1321, by broker's accepting it and agreeing thereby to undertake to bring about exchange of property proposed.

2. Sunday.—Where answer pleaded that contract under which plaintiff sought to recover broker's commission was "executed" on Sabbath day, word "executed," as used, conveyed same meaning

as if defendant had pleaded that contract was signed and delivered on Sunday, since word "execute" included performance of all acts which might be necessary to render it complete as an instrument, importing intended obligation of every act required to give instrument validity or to carry it into effect or to give it forms required to render it valid.

3. Sunday.—Under Ky. Stats., section 1321, prohibiting work on Sunday, where agreement, whereby owner of farm agreed to pay broker certain commission in case he could bring about exchange of farm for lots and houses, was executed on Sunday, broker could not recover commissions, where it was not shown that owner ratified contract subsequently, since all contracts touching or affecting work or business other than those excepted from operation of statute entered into on Sunday are illegal and nonenforceable.

HARDY & HARDY for appellant.

WILLIAM L. DOOLAN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

This is an action by appellee, H. J. Silver, a real estate broker, to recover from appellant, Joseph C. Hofgesang, Jr., $950, broker's commissions, for procuring a purchaser for a farm owned by appellant. Upon the trial below appellee recovered the full amount sued for, and appellant has appealed.

Appellant interposed as a defense to the cause of action sued upon the fact that the contract under which appellee sought to recover the broker's commissions was executed by them on Sunday. The trial court sustained a demurrer to this paragraph of the answer. The correctness of this ruling of the court is first questioned by appellant. There was filed with this paragraph of appellant's answer the writing which manifests the contract between the parties and as to the facts surrounding it there is no controversy. Appellee, Silver, was and is a real estate broker. Appellant, Hofgesang, owned 54 acres of land in Jefferson county, Ky., which he desired to sell. Silver had been trying to find a purchaser for him. He finally discovered a man named Jarbo who owned two houses and lots, and undertook to work up a trade by which Hofgesang would exchange his farm for the two houses and lots. On Sunday, September 20, 1925, Hofgesang and Silver met at the office of the latter in Louisville, Ky., and the contract between them by which the former agreed to pay to the latter the commissions

for effecting a sale of his farm sought to be recovered herein was consummated. On that day appellant addressed a letter to appellee by which he proposed to exchange the 54-acre tract of land owned by him for the two houses and lots owned by Jarbo, upon the condition that the offer be accepted within one day, and among other things, this letter set forth the agreement between appellant and appellee as to what commissions the latter should receive if the offer should be accepted by Jarbo. Appellant signed this letter and delivered it to appellee on the Sunday in question. Appellant pleaded that this contract under which appellee sought to recover the broker's commissions was executed on Sunday.

No reason was assigned by the trial court why the demurrer to this paragraph of the answer was sustained. Appellee insists that the action of the court sustaining the demurrer was correct under the principle of law announced in Ross v. Oliver Bros. & Honeycutt, 152 Ky. 437, 153 S. W. 756:

> "The mere fact that a contract is signed on Sunday does not affect its validity if some essential thing in connection with it, or that is necessary to make it effective between the parties, is done, or remains to be done on some other day."

It is insisted that this court's opinions in Hofer v. McClung & Co., 68 S. W. 438, 24 Ky. Law Rep. 355; Ray v. Catlett, 12 B. Mon. 534; Campbell v. Young, 9 Bush, 245; Dohoney v. Dohoney, 7 Bush, 217; and Prather v. Harlan, 6 Bush, 185, sustain the principle above quoted. Counsel for appellee evidently has misconceived the import of what was written in Ross v. Oliver, etc., supra, and the cases cited supporting that text, else he would not be insisting that the facts of this case bring it within the principle there announced. In the Ross case, supra, a receipt had been signed by him on Sunday releasing appellees from any further liability on account of personal injuries he received while engaged in labor as their servant. The money paid to him which was the consideration for the receipt and release was not received by him until some day during the ensuing week. The only thing done in that instance on Sunday was the mere signing of the receipt. When subsequently, on another day of the week, Ross received the money, the contract between him and Oliver Bros. and Honeycutt was then completed and became binding. In other words, under

the facts of that case the contract of release which was sought to be avoided upon the ground that it had been entered into on Sunday was found not to have been entered into on that day, but on the day when it finally became effective between the parties. Hofer v. McClung & Co., Dohoney v. Dohoney, and Prather v. Harlan, etc., supra, were cases in which notes or other instruments, which to be binding must be both signed and delivered, though signed on Sunday, were shown to have been delivered on other days. In those cases it was held that the contract was not made on Sunday. The other cases cited were such that, although the contracts were entered into on Sunday, subsequent acts of the parties had ratified the contracts and taken them out of the rule that contracts entered into on the Sabbath are illegal and unenforceable in the courts.

Attorney for appellee seems to confuse the two contracts embodied in the writing which was filed with appellant's answer as the contract between him and the appellee under which the latter seeks to recover his commissions. It was in one instance an offer by appellant to Mr. Jarbo to exchange the farm for the two houses and lots upon the terms proposed if Jarbo would accept the offer within one day. On the other hand, it was the agreement between appellant and appellee by which the former agreed to pay a commission to the latter in case he could bring about the exchange proposed with Jarbo; and this contract between these two parties was completed on Sunday by appellant signing and delivering the agreement and by appellee accepting it and agreeing thereby to undertake to bring about the exchange of property proposed. Nothing more remained to be done to make this contract binding and effective between the parties. The contract by which appellant agreed to pay to appellee $950 commission for bringing about the exchange of property proposed was fully executed on Sunday.

In entering into this character of contract on Sunday the parties were clearly violating the provisions of section 1321, Kentucky Statutes, which provides:

"No work or business shall be done on the Sabbath day, except the ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff or steam boat or steam or street railroads."

Appellee was engaged in business as a real estate broker for a livelihood. In contracting with appellant to try to effect a sale or exchange of his farm for other property, for effecting which he was to be paid $950, he clearly was engaged in work or business which the statute, supra, provides shall not be engaged in on the Sabbath day.

By the answer to which a demurrer was sustained, appellant pleaded that the contract under which appellee sought to recover the commission was "executed" on the Sabbath day, and that he was not a member of a religious society that observed any other day than Sunday as the Sabbath. The word "executed" here used conveys the same meaning as if appellant had pleaded that the contract was signed and delivered on Sunday. As said in 23 C. J. p. 378, with reference to the words execute, executed, and execution:

"When the terms are applied to a written instrument, they include the performance of all acts which may be necessary to render it complete as an instrument importing the intended obligation, of every act required to give the instrument validity or to carry into effect or to give it the forms required to render it valid; in a technical sense, the words necessarily include the performance of three acts, which are signing, sealing and delivering."

Scott v. Bales, 96 S. W. 528, 29 Ky. Law Rep. 776, is one among a great number of cases cited as sustaining the text. In that case it was said:

"The petition does not expressly aver that appellee, Smith, signed the note or delivered it, nor is it expressly averred that he 'executed' the note, which would include the act of signing and delivering."

Bertram v. Morgan, 173 Ky. 655, 191 S. W. 317, L. R. A. 1917D, 445, is a late utterance of this court regarding contracts entered into on the Sabbath day. It contains an exhaustive review of our own and other opinions on the question. This court has uniformly adhered to the rule that in view of the public policy declared by the Legislature of this state by section 1321, Kentucky Statutes, all contracts touching or affecting work or business other than those excepted from the operation of the stat-

ute entered into on Sunday are illegal and nonenforceable in the courts of this state. Parties to such contracts may obtain no relief under them, but will be left by the courts in the same position in which they were found. The courts will entertain actions neither to enforce nor to rescind such contracts. A good many cases have been written recognizing the general rule that contracts entered into on the Sabbath are invalid, yet holding that they .may subsequently be ratified and become valid. Campbell v. Young, 9 Bush (72 Ky.) 240, discusses that principle of law and this court's views with reference thereto fully. In that case a note was executed on Sunday. The lender of the money delivered to the borrower a check for a portion of the money borrowed. Though the money was lent and the note evidencing the borrower's promise to repay it was signed and delivered on Sunday, it was held that the obligor in the note who cashed the check on Wednesday following by doing so ratified, reaffirmed, and made valid this transaction, and the payee in the note for that reason was permitted to recover. After they entered into the contract on Sunday, appellee on Monday procured Mr. Jarbo to accept appellant's offer to exchange the farm for the two houses and lots. If appellant had accepted the benefits of the services so performed by appellee by concluding the deal by which the exchange was to be made, it perhaps would be true that by having done so he would have ratified and made valid the contract entered into on Sunday by which he agreed to pay appellee $950 for bringing about the exchange of property; but the petition herein and the answer to which the demurrer was sustained disclose that appellant did not so ratify the contract made on Sunday. Consequently, the question as presented to the trial court by the demurrer to the answer was not affected by the principles of law written in the cases where contracts invalid because entered into on Sunday subsequently were ratified and became valid.

For the reasons indicated this court is constrained to the view that the paragraph of appellant's answer pleading that the contract by which he agreed to pay appellee the commissions sought to be recovered herein was entered into on Sunday and consequently was invalid stated a defense and that the trial court erred in sustaining the demurrer thereto.

For this reason the judgment appealed from will be reversed and the cause remanded, with direction that the

demurrer to the paragraph of appellant's answer indicated will be overruled and appellee may be permitted to file a reply thereto and a new trial hereof will be had in conformity herewith.