## Hofgesang v. Silver.

(Decided January 21, 1930.)

504

HARDY & HARDY for appellant.

WILLIAM L. DOOLAN and DOOLAN & DOOLAN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

H. J. Silver instituted an action against J. C. Hofgesang, Jr., to recover compensation for services rendered as a real estate broker. A paragraph of the answer of Hofgesang alleged that the written contract, which he exhibited as the basis of the action, had been executed on Sunday. A demurrer to that particular part of the pleading was sustained, and a trial before a jury resulted in favor of the plaintiff. Upon an appeal to this court, the judgment was reversed upon the single ground that the court had committed an error in sustaining the demurrer to that part of the answer. Hofgesang v. Silver, 223 Ky. 101, 3 S. W. (2d) 185. The lower court was directed to overrule the demurrer and to permit a reply to be filed. Upon the filing of the mandate of this court, Silver filed a reply, and later filed an amended reply. The case came on for trial, and during the progress of the trial Silver tendered an amended reply pleading ratification of the contract by the defendant. An objection was interposed to the filing of the amendment, but the court overruled the objection and permitted the pleading to be filed. At the instance of the defendant, the case was then continued. On a later trial Silver again recovered a judgment for the commission claimed, and Hofgesang again appeals. The objection to the filing of the amended pleading raised a question of its sufficiency and was equivalent to a general demurrer thereto. Barbaroux v. Barker, 4 Metc. 47; Brady v. Peck. 99 Ky. 42, 34 S. W. 906, 35 S. W. 623, 17 Ky. Law Rep. 1356; Cincinnati N.

O. & T. P. R. Co. v. Smith, 165 Ky. 235, 176 S. W. 1013;
Harlan Coal & Coke Co. v. Davidson, 203 Ky. 580, 262 S.
W. 936; Standard Auto Ins. Association v. West, 203 Ky.
335, 262 S. W. 296; Shuey v. Hoffman, 224 Ky. 765, 7 S.
W. (2d) 262. No responsive pleading was presented to
the amended reply, and it was not traversed of record.
If it was sufficient in law to constitute an avoidance of
the defense interposed on account of the basic contract
being signed on Sunday, then the court committed no
error in permitting it to be filed, or in rendering judg-
ment for Silver. The amended reply set forth that on
September 21, 1925, immediately after the acceptance by
B. F. Jarboe of the proposition which appellant had
signed on the preceding Sunday, and again on Septem-
ber 22d, and again on September 24th, the defendant
directed and authorized Silver to require Jarboe to pro-
ceed towards a consummation of the contract, directed
and authorized an attorney to prepare the necessary
conveyances for Jarboe, and thereby caused the prepara-
tion, execution, and acknowledgment of deeds to carry
out the contract on secular days subsequent to the execu-
tion of the proposition. Silver had advised Hofgesang
that his proposition had been accepted by Jarboe within
the time fixed, and the defendant then and there prom-
ised to have prepared appropriate conveyances of his
property and to close the deal as soon as the attorneys
could report upon an examination of the title. It was
averred that by such recognition, approval, and action,
the original proposition, although signed on Sunday,
had been duly ratified on secular days.

It is first insisted that there can be no ratification
of a contract signed on Sunday unless the contract is in
some way carried into effect. The rule is not so narrow
as the argument assumes. Although the authorities are
not harmonious, it has been held that an oral acknowl-
edgment of the contract and a promise to perform is suf-
ficient ratification thereof to make it binding. A con-
tract executed on Sunday, and for that reason invalid
under the statutes of the state where the act occurred,
may be ratified on a secular day, either by performance
or by a promise to perform. It is said that this view of
the question is sustained by the weight of authority on
the ground that it is the more reasonable rule. 25 R. C.
L. sec. 27, p. 1434. The text-writers put a recognition
of the binding effect of such a contract upon the same

basis as its adoption, or the execution of some part of it. 3 Williston on Contracts, p. 2990, sec. 1707.

Ratification is a question of fact, and, as applied to contracts, it may be express or implied. Short v. Metz Co., 165 Ky. 320, 176 S. W. 1144; Stern v. Freeman, 4 Metc. 309. If some portion of a contract made on Sunday is carried out on a secular day, an implied ratification results; but, although no acts such as payment or execution of instruments are shown, an express ratification may be found in a promise to carry out the contract, or by directions to proceed to that end. Wren v. Cooksey, 147 Ky. 825, 145 S. W. 1116; Gooch v. Gooch, 178 Iowa 902, 160 N. W. 333, L. R. A. 1917C, 582; Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133, 130 S. W. 965, 31 L. R. A. (N. S.) 169; Fletcher v. Wireman, 152 Ky. 565, 153 S. W. 982; Rosenblum v Schachner, 84 N. J. Law, 525, 87 A. 99. "Ratification of a contract implies the giving of consent to or the sanctioning of, the terms of it." Hoosier Mining Co. v. Union Trust Co., 173 Ky. 505, 518, 191 S. W. 305, 310. If a party desires to rely upon the invalidity of a contract, he must disclaim it and refuse to permit anything to be done under it in so far as it concerns him. Thus a party from whom a contract has been wrung by duress must disclaim on the recovery of freedom, and subsequent recognition of the contract is the equivalent of ratification. Sternback v. Friedman, 23 Misc. Rep. 173, 50 N. Y. S. 1025. In Lee's Adm'r v. Harper, 6 Ky. Op. 416, it was held that, although a contract had been made on Sunday, it could be ratified and confirmed by recognition thereafter, and it was held to be a question for the jury whether or not there had been a ratification. In Campbell v. Young, 9 Bush 240, it appeared that a note had been executed on Sunday for money that day loaned, but instead of the cash being handed to the borrower, the lender gave his check for a part of the loan. Later, on a secular day, the borrower deposited the check to his credit. This was held to be a sufficient ratification of the contract to take it out of the condemnation of the statute. To the same effect is Sullivan v. Sykes, 114 Okl. 87, 243 P. 722. It is stated in 37 Cyc. p. 566, that one of the methods of ratifying a contract made on Sunday is by an express promise to perform, or by doing some affirmative act which assumes the validity of the contract. But it is said that the former

opinion, which constitutes the law of this case, indicated the sort of ratification which would be effective. The opinion stated that, "if appellant had accepted the benefits of the contract by concluding the deal," it perhaps would have been a ratification. That statement did not preclude proof of ratification in some other way. The former decision established that the paragraph of the answer in question stated a good defense, but it did not purport to prejudge any avoidance thereof that might be interposed. Appellant contends that the matter pleaded in the amended reply was a departure from the ground of defense stated in previous pleadings in violation of the Civil Code (section 101). The matter pleaded was not a departure from the original cause of action, but plainly an avoidance of a defense set up to defeat the cause of action. It was the position of Silver that he had been employed prior to the execution of the written proposition to negotiate a sale of defendant's property. The proposition contained a statement fixing the commission to be paid Silver if the deal was consummated, but it did not purport to cover further the terms of the employment. Silver insisted upon this position throughout, but in the amended reply averred as an avoidance of the defense that whatever may have been the effect of signing the proposition on Sunday, it was rendered valid on Monday, and thereafter, when it was ratified by defendant in the manner stated. That did not constitute a departure from the cause of action or previous position taken, but was an additional defense consistent with the ones that had been relied upon throughout. The Civil Code (section 113, subsec. 4) provides a remedy to reach inconsistent statements in a pleading, or statements inconsistent with those of a pleading previously filed, with a certain exception not now pertinent. But there is no inconsistency between a plea of ratification and a denial of the invalidity of a contract. A party can rely upon as many defenses as he may have, provided they be not inconsistent, or mutually destructive. Civil Code, sec. 113, subsec. 2. If two defenses are relied upon and proof of one of them would necessarily disprove the other, they are inconsistent, and upon motion seasonably submitted, the pleader will be required to elect which defense he will maintain. Civil Code, sec. 113, subsec. 4; Lewis v. Durham, 205 Ky. 403, 265 S. W. 934; Caruso

v. Brown, 142 Ky. 76. 133 S. W. 948  The same section of the Code further provides that an express admission of a fact is not necessary to render valid a pleading in avoidance or estoppel thereof  Civil Code, sec. 113, subsec. 6. But it is contended that there was no consideration for the ratification of the contract and for that reason it was rendered inadequate.  What the defendant did on Sunday was to sign a proposition to be submitted to a third party which he delivered to his agent, Silver. The proposition provided that it must be accepted within one day.  It was intended that the agent should submit the proposition to another party on Monday.  It contained a continuing offer.  It was not valid when signed, but during its continuance as an offer it was submitted on a secular day to the person for whom it was intended.  It was thereupon accepted and became a binding contract, notwithstanding the vice in it at the time of its origin. It was then, and not until then, that Silver had earned a commission.  It was based upon what Silver did on Monday, and not upon what appellant signed on Sunday.  But the matter did not stop there.  Silver reported to his principal on Monday that the contract had been concluded, and was directed then how to proceed towards its consummation.  A consideration need not necessarily be a benefit to a party.  It may consist in a detriment to the other party.  Citizens' National Bank v. Dodson, 231 Ky. 660-664, 21 S. W. (2d) 1019; Sternberg Dredging Co. v. Bondurant, 223 Ky. 668, 4 S. W. (2d) 686.  There was a distinct and substantial benefit to Hofgesang in having Jarboe bound on the contract by his written acceptance of the offer.  The services redered by Silver on Monday, and the work subsequently done at the instance of defendant, was a sufficient consideration to support a ratification of the contract.  Compare 37 Cyc. 566, note 97.

A distinction is sought to be made between the contract between appellant and Jarboe and the one between appellant and Silver, part of which was embodied in the writing.  The written proposition was an entirety, and when Silver had concluded a sale of the property in accordance with the proposition, he had performed his part of it.  If the amount of the commission had not been specified in the contract, the customary commission would have been recoverable.  Since no contention is made that the amount recovered would not be due under one or the

510

other theory, we see no substance to the argument that there could be a separation between the two contracts so that one could be ratified and the other repudiated. Appellant made no suggestion at any time that he was repudiating any part of the contract. His acceptance of the results could not be disassociated from the manner of achieving those results. His ratification was of the whole contract, and not a part of it only. White Plains Coal Co. v. Teague, 163 Ky. 110, 173 S. W. 360; Davis v. Pendennis Club, 230 Ky. 465, 19 S. W. (2d) 1078.

Finally, appellant argues that the court should have defined what constituted a "reasonable time," as those words were used in the instructions to the jury. There was no request for such an instruction, and appellant is not in position to complain of its omission. Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757; L. & N. R. Co. v. Jolly's Adm'x (Ky.) 23 S. W. (2d) 587, decided January 14, 1930. The uncontradicted fact, however, is that the ratification occurred on the very next day, and at repeated intervals shortly thereafter, during which time appellant had in no way altered his position and no doubt could arise respecting the reasonableness of the time within which he was advised of the acceptance of his offer. In fact, no defense of that character was presented by pleading or suggested by the proof, Utterback v. Quick, 230 Ky. 333, 19 S. W. (2d) 980, and there was no error in failing to amplify the instruction.

The judgment is affirmed.