## Commonwealth for Use of Fleming County et al. v. Plummer et al.

(Decided October 14, 1930.)

J. M. COLLINS for appellants.

BABBIT & MORFORD, J. H. POWER, B. S. GRANNIS and O. R. BRIGHT for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

Some time before January 6, 1928, the fiscal court of Fleming county formally authorized and directed E. V. Hall, treasurer, to make claim upon certain former officers of the county for reimbursement of sums appearing from the report of accountants to have been wrongfully withheld and misappropriated by them. He was further authorized through special counsel employed by the county to institute suit against those officers who did not pay the claims asserted against them. Under that authority suit was instituted against the appellee A. P. Plummer, former county clerk, and the surety on his bond. It was charged that during the four years, 1922 to 1925, inclusive, he had received stated sums annually for office stationery and supplies, but had not used them for that purpose; and also that he had retained certain fees to which he was not legally entitled. The aggregate sued for was $3,476.30. Several steps were taken in the suit from time to time, including the filing and overruling of a demurrer to the petition as amended.

With the case in this status, on January 8, 1930, the fiscal court entered an order reciting that it appeared "after a thorough investigation that said suits were unwarranted when brought and are constantly increasing costs and attorney's fees and should in justice to the taxpayers be dismissed." The treasurer and the county attorney were ordered and directed to dismiss the suit at the ensuing term of the circuit court. Thereafter the county attorney filed a written motion to dismiss it, to which objection was made by counsel for plaintiffs, who had been employed by the fiscal court because of the refusal of the county attorney to bring the action.

Before that motion was acted upon, through one of the attorneys who had filed the suit originally, the appellants J. H. Sousley and others asked permission to file their intervening petition to be made parties to the suit and for authority to prosecute it to a conclusion for themselves and other taxpayers. It was charged that any separate action by them for the recovery of the sums involved would be barred by limitation, and, unless they should be permitted to intervene in the suit and prosecute it, there would be great loss to the county and its taxpayers. The court declined to permit the intervention, and then dismissed the petition filed for and by the

county. The correctness of his action is the question before us.

This court has a number of times approved the policy of taxpayers prosecuting suits for the recovery of money due a county or municipality charged to have been illegally withheld or collected when those having that official responsibility have declined to do so. Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157; McKechnie v. Canada, 198 Ky. 807, 250 S. W. 111, and cases cited. But in this case the fiscal agent of the county instituted the suit. Though the personnel may have changed, it was the same body which formally declared that the suit was without foundation and should be dismissed. It is an elementary rule that a litigant may dismiss his suit at any stage of the proceeding. This rule, however, has some qualification and limitation when the suit has been brought by the plaintiff in a representative capacity. The rule in that respect, broadly stated, is that the suit will not be dismissed if the substantial rights of other parties have accrued and injustice will be done them by permitting the discontinuance, and it is usually required that bad faith or collusive action be shown.

In Shipp v. Rodes, 219 Ky. 349, 293 S. W. 543, it was held that under the statutes and upon principle the fiscal court had the primary power to regulate and control suits instituted for and in behalf of the taxpayers against derelict officers, and that it could not be deprived of its jurisdiction over the fiscal affairs of the county. It was held in that case that the fiscal court, acting in good faith, might enter into a compromise and settlement of a suit filed by taxpayers to recover fees collected in excess of that authorized by law.

We have been cited by counsel to Bernheim v. Wallace, 186 Ky. 459, 217 S. W. 916, 8 A. L. R. 938, and other cases where minority stockholders of a corporation were seeking to protect their interests against its officers or others whom the officers had declined to sue. Throughout those cases and others of like character appears the controlling fact of the existence or nonexistence of bad faith or collusion on the part of those whose duty in respect to the matter was primary. The intervening petition offered to be filed in the instant case does not charge bad faith on the part of the fiscal court or the treasurer of the county, who were the parties plaintiff and had control of the suit. It merely denies that the suit was

unwarranted or in justice should be dismissed. It is charged that the sums sought to be recovered were wrongfully and unlawfully withheld by the defendant from the county and the taxpayers thereof; that any separate action by the taxpayers seeking the same end was barred by the statute of limitation; and that it was necessary, in order to recover the sums described, that the suit at bar be maintained and prosecuted to a finality. It alleged that the fiscal court was without authority to discontinue the litigation if the taxpayers desired same prosecuted to completion; that the county attorney, having refused to institute the action and thereby compelled the county to employ other counsel, was without authority or right to file the motion for a dismissal, and "that said motion is apparently collusive." These allegations fall short of pleading any fact which might be considered as constituting bad faith or collusion on the part of the fiscal court which instituted and controlled the action. Even the pleading of the conclusion as to the county attorney is done feebly.

Rejection of a pleading not sufficient in substance or form where there is an objection is equivalent to sustaining a demurrer to it. Hofgesang v. Silver, 232 Ky. 503, 23 S. W. (2d) 945; Dugan v. Long, 234 Ky. 511, 28 S. W. (2d) 765.

The ruling of the trial court, under the circumstances, seems to have been proper, and the judgment is therefore affirmed.