## Payne et al. v. Brown.

(Decided June 19, 1936.)

J. J. FELTON and H. J. McClure for appellants.

WILLIAMS & DENNEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Henry Brown brought this suit against the Rockcastle County Board of Education to recover $522.90 for his services in teaching Freedom School, Subdistrict No. 18, for the school year 1934-35.

Briefly stated, the facts pleaded are: He was the holder of a provisional elementary certificate authorizing him to teach. In February, 1934, he was recommended in writing by two of the subdistrict trustees to whom he was not related in any way. On July 9, 1934, the county superintendent notified him that he had been hired to teach the school. Before entering upon his duties he filed the certificate of his qualifications and registered his credentials with the county board of education. On July 19, 1934, he entered into a written contract with the county board by which he was employed to teach for the school year 1934-35. After he had

taught school for a few days, the county superinten- dent notified him that he would not be allowed to teach. Thereupon he brought suit against the county super- intendent and the county board of education to re- strain them from interfering with him in the perform- ance of his duties as teacher. The Rockcastle circuit court held that he was the lawful teacher and granted him the relief sought. By virtue of that judgment he continued to teach the school until the close of the school term in February, 1935. The judgment of the Rockcastle circuit court was reversed in March, 1935, but before the reversal he had completed teaching the school, and the judgment of the Rockcastle circuit court was in full force and effect while he was engaged in teaching. Under the written contract between him and the county board of education, the county board agreed to pay him for his services, but had wrongfully withheld the money due him.

A few days after the filing of the petition, Arthur Payne, Clell Norton, and C. L. Doan, citizens and tax- payers of the county, filed their petition to be made par- ties defendant. In addition to a general denial of all the facts pleaded in the petition, they attempted to set up several defenses. On motion of Brown the inter- vening petition was stricken from the record and the intervening petitioners have appealed.

The right of appellants to intervene is the only question presented. They insist that they are entitled to intervene on the ground that the money sought to be recovered is a part of the public school fund of Rock- castle county, and they as citizens and taxpayers have such an interest therein that they may protect the same against fraud. On the other hand it is insisted that section 29 of the Civil Code of Practice, authoriz- ing claimants of property to become parties, does not embrace an action like this upon a contract for the re- covery of money only, and does not authorize the inter- vention of a third party who has no right to or interest in the particular property or its proceeds. Newman's Pleading and Practice, sec. 187; Vanmeter v. Fidelity Trust & Safety Vault Co., 107 Ky. 108, 53 S. W. 10, 21 Ky. Law Rep. 744. Whether in an action by one to recover for his services as teacher a citizen and tax- payer may never intervene, we deem it unnecessary to decide. Certainly, in view of the fact that the con-

trol of the schools is vested in the county board of education, a citizen and taxpayer cannot intervene in an action by a teacher to recover for his services unless he alleges facts showing bad faith or collusion on the part of the board. Commonwealth for Use of Fleming County v. Plummer, 235 Ky. 506, 31 S. W. (2d) 897. The only charge in the intervening petition bearing on the question of bad faith or collusion is that the members of the board entered into a conspiracy with Brown to assist him to cheat, wrong, and defraud the common school fund, in that the contract which they made with him was signed in the month of August, 1935, and dated back to the year 1934. Though this be true, the alleged action of the board did not in the least affect Brown's right to recover for his services, and therefore cannot be regarded as showing bad faith or collusion on the part of the board. It follows that appellants were not entitled to intervene.

We may add that the right of one to intervene in a pending action may be challenged by objection or motion to strike. Commonwealth v. Plummer, supra.

Judgment affirmed.