C. M. PAYNE et ux., Appellants,

v.

Hester Wallis BALDOCK et al., Appellees.

No. 3221.

Court of Civil Appeals of Texas.

Eastland.

Feb. 17, 1956.

Rehearing Denied March 9, 1956.

Sentell & Rosser, Snyder, for appellants.

Mike R. Mason, Odessa, for appellees.

COLLINGS, Justice.

Hester Wallis Baldock joined pro forma by her husband, Olen E. Baldock, and Myrill Davis brought this suit against C. M. Payne and wife, Ann Payne. Plaintiffs sought judgment rescinding and cancelling two contracts covering two city lots in Block 2 of Payne Addition to the City of Snyder, Scurry County, Texas, and to re-

cover from defendants $1,661.38 principal and interest alleged to have been paid by plaintiffs on Lot 1 and $1,711.16 principal and interest alleged to have been paid on Lot 2, and the value of the improvements placed thereon, less the alleged rental value of the property during the time it was used by plaintiffs. It was alleged that the two contracts for deeds covering Lots 1 and 2, were dated September 23, 1949, and September 24, 1949, respectively, and both contracts provided that plaintiffs were to receive warranty deeds to the lots and no restrictions of any nature were mentioned; that although plaintiffs made all payments provided in the contract on Lot 2, defendants failed and refused to give plaintiffs a deed without restrictions, as provided in the contract, but, during August of 1952, tendered instead a deed which contained numerous restrictions concerning the use and enjoyment of said Lot 2; that plaintiffs refused to accept the tendered deed because it was not in compliance with the contract. Plaintiffs alleged that they were still insisting that defendants deliver to them warranty deeds to the described lots without restrictions as provided by the contracts between the parties, but after they had fully paid for Lot 2 and had paid $1,661.38 principal and interest on Lot 1 and only $163.00 remained unpaid thereon, plaintiffs first learned upon advice of their attorney that it was impossible for defendants C. M. Payne and Ann Payne to perform their contracts because of restrictions contained in warranty deeds of records previously executed by defendants covering other lots in the same addition; that when plaintiffs discovered it was impossible for defendants to perform their contracts, they notified defendants that they had rescinded the contracts and demanded return of the $1,661.38 paid on Lot 1 and the $1,711.16 paid on Lot 2, together with $1,055, the alleged value of improvements placed by plaintiffs on the said lots, less the value of plaintiffs use and occupation of the two lots while in their possession.

Defendants alleged among other things that plaintiffs were advised and had knowledge of the restrictions and restrictive covenants affecting the two city lots prior to the time of making any of the monthly payments provided for in the contracts; that, notwithstanding such knowledge, plaintiffs retained possession of the lots and continued to make payments thereon; that such continued possession and payments by plaintiffs constituted a ratification of the contracts. Defendants further alleged that after they had notified and informed plaintiffs of the restrictions affecting the lots in question they offered to refund all payments plaintiffs had made thereon and to cancel all obligations under the contracts but that plaintiffs refused the offer, retained possession of the land and continued to make payments under the contracts. Defendants urged that such action constituted a waiver of any right that plaintiffs had to rescind the contracts.

The case was tried before a jury and based upon its findings judgment was entered against defendants and in favor of plaintiffs for the amount paid to defendants together with the value of improvements plaintiffs had placed thereon, less the rental value of the lots as found by the jury. Defendants have brought this appeal.

The contracts under which defendants C. M. Payne and wife became obligated to sell the two city lots to plaintiffs and execute warranty deeds covering each of the lots upon payment of all the consideration provided were made by their agent, W. L. Leland. The contracts did not mention any restrictive covenants affecting the use of the land. All parties now concede that defendants were unable to give deeds to these lots without restrictions because they had theretofore given deeds covering other lots in the same addition which contained restrictions. Plaintiffs had no knowledge of these restrictions at the time they entered into the contracts here under consideration. But there is evidence to the effect that Mrs. Baldock acquired knowledge of these restrictions shortly after the date of the contracts. It was found by the jury in answer to Special Issue No. 6 that after Mrs. Baldock learned of the restrictions Mr. Payne offered to rescind the contracts and return the money paid by plaintiffs.

The effect of the answer of the jury to Special Issue No. 6 is to find that Mrs. Baldock did learn of the restrictions and, after she acquired such knowledge, Mr. Payne offered to rescind the contracts and refund all payments. These findings do not specify the date that Mrs. Baldock learned of the restrictions or the date that Mr. Payne offered to rescind the contracts and return the payments made but the evidence supporting such findings indicates, as shown by the testimony of Mrs. Baldock, herself, that Mr. Payne told her within three or four days after the date of the first contract that "there were restrictions". It is undisputed that Mrs. Baldock did not rescind the contracts at that time and that thereafter she or her agent made improvements on the lots and made payments on both lots until Lot 2 was fully paid for in April of 1952. In August of 1952 defendants executed and delivered to Mrs. Baldock a deed to Lot 2 which contained restrictions concerning the use and enjoyment of the lot. Although the evidence shows that Mrs. Baldock was dissatisfied with this deed and discussed the matter with her attorney, it is conclusively shown that the deed was not returned to the defendants. After the delivery of the deed covering Lot 2 to Mrs. Baldock agents for the plaintiffs continued to make payments on Lot 1 for four months, including the payment for December 1952. On January 12, 1953, Mrs. Baldock wrote a letter to the Paynes stating that she was going to sell both lots and inquired if defendants were interested in buying and, if so, how much they would give. This suit to rescind was filed by plaintiffs on August 26, 1953, almost four years after Mrs. Baldock acquired knowledge of the restrictions. These facts are established by undisputed evidence or by jury findings which have support in the evidence.

■ Appellants' contention, in effect, is that the facts show appellees ratified the contracts and waived their right to rescind. The contention is well taken. The controlling rule is stated by Judge Hickman in Rosenbaum v. Texas Building & Mortgage Co., Tex.Com.App., 140 Tex. 325, 167 S.W. 2d 506, 508 as follows:

"It is, in effect, that, if a person who is induced by fraud to enter into a contract continues to receive benefits under the contract after he becomes aware of the fraud, or if he otherwise conducts himself in such manner as to recognize the contract as subsisting and binding, he thereby affirms the contract and waives his right of rescission. An express ratification is not necessary; any act based upon a recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it has the effect of waiving the right of rescission."

The agent of Mr. and Mrs. Payne entered into contracts with appellees to execute warranty deeds to Lots 1 and 2 without restrictions as to use. All parties agree that the Paynes were and are unable to execute deeds without restrictions. This fact is relied upon by appellees as a basis for rescinding the contracts. The Paynes question appellees' right to rescind on the ground that appellees have ratified the contracts and have waived their right of rescission. The judgment is apparently based upon the answer of the jury to Special Issue No. 5 to the effect that Mrs. Baldock as agent for appellees did not intend to waive their right to receive a deed to each of the lots without restrictions. We sustain appellants' point that this issue is immaterial and should not have been submitted to the jury. The controlling issue was whether appellees waived their right to rescind the contracts, and not whether they waived their right to deeds without restrictions.

■ The right to rescind a contract may be lost by action and conduct which shows an affirmation or ratification of the contract after knowledge of facts which are grounds for rescission. One who has the right to rescind after acquiring knowledge thereof may exercise that right or retain his rights and benefits under the contract. He cannot have both. 17 C.J.S., Contracts,

§ 447, p. 928; Langley v. Norris, Tex.Civ. App., 167 S.W.2d 603, affirmed 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555; Dickson v. Day, Tex.Civ.App. 275 S.W. 307; Woods v. Fisher, Tex.Civ.App., 106 S.W.2d 774; and Granberry v. McBride, Tex.Civ. App., 138 S.W.2d 283.

■ The existence of restrictions on the land is the fact upon which appellees base their right to rescind, and appellees had knowledge of that fact. Mrs. Baldock acquired knowledge of the restrictions within three days after execution of the contracts. Appellees urge in effect that in spite of their knowledge of the restrictions they were under the impression that the Paynes could be forced to give them deeds without restrictions and that appellees cannot be held to have ratified the contracts or to have waived their right to rescind until they acquired knowledge that it was legally impossible for the Paynes to comply with the contracts and give them deeds without restrictions. If a question of fact is involved in this contention it was decided against appellees by the jury finding that Mrs. Baldock "learned of the restrictions". If appellees' mistake was a failure to understand the legal effect of the fact that there were restrictions on the land, after having been informed by the Paynes of their existence, then their mistake was one of law. Appellees knew of the restrictions and were told and should have known that they could not get deeds without them. Such a mistake was one of law and not of fact and can avail them nothing. 7 Tex.Jur. 929, 930; 10 Tex.Jur. 110; 17 C.J.S., Contracts, § 418 d, p. 903; 12 Am.Jur. 634.

■ After appellees learned of the restrictions, Mr. Payne offered to rescind the contracts and to refund the money which appellees had paid. It is undisputed that Mrs. Baldock refused to accept this offer and that appellees retained and used the lots, made valuable improvements thereon and continued payments under the contracts. Appellees by this conduct recognized the contracts as subsisting and binding. They affirmed the contracts after acquiring knowledge of the facts which entitled them to rescind. This was the equivalent of a ratification of the contracts. 36 Words and Phrases, Ratify, page 138; Hofgesang v. Silver, 232 Ky. 503, 23 S.W. 2d 945, 947, 68 A.L.R. 1481.

■ Other facts which are undisputed establish as a matter of law that appellees waived their right to rescind. Appellees admit by their pleadings and by the testimony of Mrs. Baldock that in August of 1952 when the Paynes delivered the deed to Lot 2 that Mrs. Baldock learned through the advice of her attorney that it was impossible for the Paynes to comply with their contracts and give deeds without restrictions. The deed which appellees received to Lot 2 contained restrictions. Appellees never returned this deed. They, thereafter, continued payments on Lot 1 for four months through December of 1952. In January of 1953 Mrs. Baldock offered to sell both lots to the Paynes, and this suit to rescind was not brought until August 26, 1953, approximately one year after the date that Mrs. Baldock admits being informed by her attorney that it was impossible for the Paynes to give deeds without restrictions. These facts are undisputed and as a matter of law show a waiver by appellees of their right to rescind the contracts. We hold that appellees ratified the contracts; that after acquiring knowledge of facts constituting grounds for rescission their action and conduct clearly and unmistakably show their intention to abide by and to claim their rights under the contracts; they have waived their right to rescind. Burke-Mobray v. Ellis, 44 Tex.Civ.App. 21, 97 S.W. 321; Colt Co. v. Head, Tex.Com.App., 292 S.W. 198; Powell v. Rockow, Tex.Com. App., 127 Tex. 209, 92 S.W.2d 437; American Land Co. of Texas v. Dale, Tex.Civ. App., 55 S.W.2d 229 (Writ Dis.); Trauzettel v. Kjellman, Tex.Civ.App., 163 S.W. 689 (Writ Ref.); Dalton Adding Machine Sales Co. v. Wicks & Co., Tex.Civ.App., 283 S.W. 642; Winters v. Coward, Tex. Civ.App., 174 S.W. 940; Tom v. Wollhoefer, 61 Tex. 277, 281.

Upon payment of the unpaid balance of principal and interest due on Lot 1 appellees will be entitled to a deed to such lot with restrictions.

.The judgment of the trial court is reversed and the cause remanded. .