**PULASKI COUNTY, Kentucky, Appellant,**

v.

**Darrell HALL, Pulaski County Court Clerk, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1961.

J. Milton Luker, Charles R. Luker, Jr., London, for appellant.

Parker W. Duncan, Bowling Green, Fritz Krueger, Somerset, for appellees.

Marshall Davenport, Somerset, amicus curiae.

WILLIAMS, Judge.

Darrell Hall, the county court clerk of Pulaski County, failed to account for excess fees received in his office from January 1, 1951 to August 9, 1957. On the latter date he appeared before the Pulaski County Fiscal Court and stated that he had accumulated exess fees during those years amounting to $22,000. He offered to make payment of $18,000 at that time and to pay the remaining $4,000 after January 1, 1958. The minutes of the Pulaski Fiscal Court show that all members of the court were present and the minutes were signed by the presiding officer of the court, the county judge. Those minutes include the following paragraph:

"On motion of Esquire Bill Coomer and duly seconded by Esquire Strunk that the court accept the final settlement made by Darrell Hall and accept a check payable to the Pulaski County Treasurer in the amount of $18,000. All court voted unanimously in favor."

An audit of the county court clerk's records was subsequently made and this action then commenced by Pulaski County seeking to recover additional monies alleged due as the result of excess fees received during the years in question.

Proof was heard by Special Circuit Judge Lawrence S. Grauman, who determined that the minutes of the Pulaski Fiscal Court were regular on their face, that they were signed by the presiding officer, that it is presumed under the law that they were read and approved before being signed, that they represent a valid order of the Pulaski Fiscal Court, and that the Fiscal Court was acting in a judicial capacity. Judge Grauman refused to allow Pulaski County to collaterally attack the order of the Fiscal Court and entered judgment against Darrell

Hall in the amount of $4,000, which was admittedly due.

The fiscal court unquestionably has the right to compromise an unliquidated claim so long as it acts in good faith. Roberts v. Fiscal Court of McLean County, 244 Ky. 596, 51 S.W.2d 897; Commonwealth for Use of Fleming County v. Plummer, 235 Ky. 506, 31 S.W.2d 897; Shipp v. Rodes, 219 Ky. 349, 293 S.W. 543. It has been consistently held that, when the fiscal court allows a claim, it acts judicially. Hoskins v. Leslie County Fiscal Court, Ky., 242 S.W.2d 874; Ewing v. Hays, 257 Ky. 259, 77 S.W.2d 946; Pulaski County v. Richardson, 225 Ky. 556, 9 S.W.2d 523. The fiscal court being a court of record can speak only by its records. Such records cannot be impeached or contradicted or varied by parol evidence in a collateral proceeding. Fox v. Lantrip, 169 Ky. 759, 185 S.W. 136. There was no showing of bad faith on the part of the Fiscal Court in making a settlement with the county clerk, and the judicial order is clear on its face and cannot be collaterally attacked.

The judgment is affirmed.