**Rosetta HALL et al., Appellants,**

**v.**

**Arthur Lee CHILDRESS et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 29, 1967.

Rehearing Denied Dec. 1, 1967.

Wilbur O. Fields, Louisville, for appellants.

J. Earl Dearing, Charles J. Lunderman, Jr., Louisville, for appellees.

OSBORNE, Judge.

This is an appeal from an order of the Jefferson Circuit Court allowing probate of the will of Sarah Hampton, a widow, who was 69 years of age at the time of her death. The appellants are the brother and sisters of Mrs. Hampton. The appellees are the beneficiaries under the will. Arthur Childress, who is the chief beneficiary under the will, is accused by the appellants of exercising undue influence over Mrs. Hampton in that he is a young man 29 years of age and that at the time of her death and for some time prior thereto was alleged to have been living with her in an illicit relationship.

This case was here on a prior appeal. See Hall, et al, v. Childress, et al, Ky., 392 S.W.2d 450. Upon the first appeal we remanded the case for retrial having determined that there was sufficient probative evidence in the record to require submission to a jury. It was retried pursuant to our opinion and submitted to a jury. The jury found against appellants determining the will to be the valid will of the testatrix.

Appellants now contend that the court should have directed a verdict for them because the will shows upon its face that it was executed on Sunday in violation of KRS 436.160(1), the Sunday closing law; that the will was not witnessed by two credible witnesses; that an admonition given by the judge to the jury concerning certain testimony was really an instruction and should not have been given until the conclusion of all of the evidence; and that the evidence of undue influence was substantial and uncontradicted. We will consider these contentions in their respective order.

█ In support of their contention that the will is invalid because it was executed on Sunday, appellants cite Hofgesang v. Silver, 232 Ky. 503, 23 S.W.2d 945, 68 A.L. R. 1481, wherein we held that a contract for a real estate commission entered into on Sunday was void. They cite no case holding a will so executed to be invalid. The prevailing view seems to be that Sunday closing laws will not invalidate a will executed on Sunday. See Tucker v. Jollay, 43 Tenn.App. 655, 311 S.W.2d 324 (1957). Also, 83 C.J.S. Sunday § 28; and 57 Am. Jur., Wills, § 232.

It is not difficult to envision a situation wherein it might become absolutely necessary that a will be executed and witnessed on Sunday. For this reason, the better view seems to be that a will so executed is valid.

█ Appellants next contend the will was not witnessed by two credible witnesses as required by KRS 394.040. This contention is based upon the fact that on the trial of the case there is some conflict in the testimony of the two attesting witnesses concerning the details of what transpired at the time the will was executed. One witness testified that Mrs. Hampton read the will herself and the other that the attorney read the will to Mrs. Hampton. This type of conflicting testimony is a common occurrence in court and tends to prove nothing other than the frailty of human memory. It certainly is not sufficient to show that one or both witnesses are not credible and as far as we know has never been so held by any court. Appellants cite no authority for this proposition.

█ Appellants next contend that certain admonitions given by the trial court should have been delayed and given in the form of an instruction. This contention arises out of testimony given by appellants' witnesses concerning statements made by the testatrix during her life time. During the testimony of appellant at the request of appellees the court admonished the jury that the statements were not competent as direct substantive evidence of undue influence but were only admissible to show the mental condition of the testatrix at the time they were so made. It has been firmly established that statements by a testator of this character are not competent as substantive proof in proceedings of this nature

but are admissible to show the testator's mental condition. See Golladay v. Golladay, Ky., 287 S.W.2d 904; McComas v. Hull, 284 Ky. 654, 145 S.W.2d 841; 53 Am. Jur., Trials, § 141 and 94 C.J.S Wills § 247. This was an admonition given by the judge concerning testimony and was not what is commonly referred to as an instruction which is required to be given at the conclusion of all of the evidence. The admonition should be given at the time the testimony is proffered. If the court waits until all testimony is in then most surely the effect of the admonition would be greatly impaired. We find no error in this respect.

Appellants next contend that the proof of undue influence was uncontradicted and because of this they were entitled to a directed verdict. Their evidence was calculated to show that appellee, Arthur Lee Childress, was a paramour of testatrix; that he completely dominated her life; that he threatened her and other members of her family; that he denied other members of her family access to her by intercepting mail and phone calls and by refusing permission to visit her. Appellee's testimony presents an entirely different picture in that he denies use of force but pictures the relationship as being one of mutual trust, respect and enjoyment. In substance, his evidence refutes that presented by appellants. This was fairly presented to the jury on proper instructions and they found for appellee. Our examination of the record convinces us no error was committed that would justify disturbing this finding.

The judgment is affirmed.

All concur.